Henderson, Chief-Justice.
 

 A sale at auction is a sale to the best bidder, its object a fair price, its means competition. Any agreement, therefore, to stifle competition, is a fraud upon the principles on which the sale is founded. It not only vitiates the contract between the parties, so that they can claim nothing from each other, but also any purchase made under it, their claims against the vendor being weaker than those against each other — policy alone forbidding1
 
 that
 
 the last mentioned should be enforced, but both policy and justice uniting to condemn the former. If this be the rule with regard to auctions instituted by private individuals,
 
 a fortiori
 
 should it be as to those public auctions instituted by law for great public purposes ; such as execution sales, where the object is to secure the creditor if possible, the satisfaction of his debt, and at the same time to obtain for the debtor a fair price for his property.— Men may, from the very worst of motives, both towards the creditor and debtor, abstain from bidding, without incurring any legal censure. They have a right to abstain from action — they may act or not, at their pleasure, but if they do act, they must do it fairly. They cannot claim to themselves any benefit from a sale, the first principles of which they have violated, fair competition being the very essence of an auction sale. Puffing or by-bidding is a fraud on the vendee. So, on the other hand, an agreement not to bid, for the purpose of paralyzing competition, is a fraud upon the vendor, and vitiates the sale — at least so far, that no party to such agreement can claim any benefit from it. I presume it is good as to those who did not participate in the agreement. I think, also, that the fraud is of such a character that it vitiates the sale at law. There is no part of the
 
 *129
 
 transaction which should be preserved, and which fore may render it more proper for the , interposition of a Court of Equity ; the transaction being totally void, so much so, that even the purchase money paid cannot be recovered back.
 

 But it should be clearly understood, that it is not intended to intimate an opinion, that persons may not associate together, and unite in their biddings from any other cause or motive, than that of destroying, stifling or paralyzing competition. Persons may unquestionably unite in their biddings, under a great variety of circumstances. As where the whole article, for any reason, does not suit the individuals of the association, as being of more cost than one would wish to purchase, or where it consists of parts, some suitable to one, and some to others of the association, or where the purchase might involve a risk, which they, as individuals, are not willing to encounter j as a disputed title, or the like j or the case of a loss upon a re-sale, where the profits may be very great, and so may the loss
 
 ;
 
 or if the association acts from motives of humanity and benevolence to some individúa! whom they intend to benefit, and by a joint bid equalize the burden. But it is much easier to point out cases where the rule operates, than where it does not. It is confined, I think, to the cases before mentioned, where the agreement is designed to affect, and
 
 does
 
 affect fair competition, paralyzing the bidding.
 

 I have but littie doubt, from the charge of the Judge, that he entertained the same notions of the law of the case, as this Court does. And his charge, as far as it goes, is correct. But I am not quite certain, that the Jury may not have understood that the sale was vitiated, by an association, for an object, deemed both by the Judge below & by this Court, perfectly justifiable. In other words, I fear that the charge was not sufficiently explicit, for it is by implication only, that I can make it embrace the principles declared in this opinion. I am not satisfied
 
 *130
 
 (bat the ease was left to the Jury under the influence of these principles. I think, therefore, that there should bo a new trial, and I the more readily assent to it, be-caase very little injury can result, as the Defendant remains in possession.
 

 The case should be left to the Jury under the influence of the principles above expressed, with a caution to them to disregard the mere assertion of the parties, tha* they united because of the disputed title ; but to ascertain the real motives, if they can, and if it was to destroy or impair compe:ilion, to find for the Defendant.
 

 Per Curiam. — Let the judgment be reversed, and a new trial granted.