Nash, C. J.
 

 The plaintiff rests his right of recovery on two grounds. The first is, that under the private Act of 1823, the sale by the sheriff was void because made on the premises ; and secondly, it was void-because of the agreement entered into between the sheriff and the other parties to it.
 

 By the common law, no place is designated where a sale shall be made of lands, as they were not the subject of sale under execution. The Act of 1777 makes them liable, but points out no place of sale, nor time, except the notice directed. The Act of 1794 directs at what hours sales under execution shall commence. These were all the statutory provisions on the subject in this State until 1820, when the Legislature directed all sales of land to be at the Court House of the respective counties. The Act of 1821 altered the day of sale, and that of 1822 altered the time, but not the place, to the Monday of each County Court. Thus stood the law under the Acts of 1820-21-22. The sales were to be made at the Court House. At their session in 1823, they passed a local Act, ch. 45, sec. 10, whereby several counties, among which was Pasquotank, were withdrawn from the operation of the Act of 1822, and expressly repealing tire Act of 1820 & 21, so far as those counties are concerned as to the place of sale. This left the sales of land under execution in those counties as at common law. The first proviso of the Act of 1823, is the one under which the plaintiff, as to this objection, rests his case. It is in these words :
 
 u
 
 Provided that this repeal shall not affect the cases where either of the parties in the execution are not residents in the county so exempted by this Act.” In other words, the Act shall only apply to cases where both the plaintiff and defendant are residents of the county of Pasquotank, and not to those cases where either party is a nonresident. The citizens of Pas-quotank did not wish the sale of land under execution in that
 
 *355
 
 county to be at the Court House, but upon the premises. The Legislature however says, as to your own citizens, when they are alone concerned as plaintiffs and defendants, the sale shall be on the premises ; but when those who are not residents, either plaintiffs or defendants, the sale shall be at the Court House. Several executions had issued against the lessor of the plaintiff in this case who was a resident of the county of Pasquotank. .In some, he was the sole defendant, in another, he and one Commander' were defendants. In the case where the present plaintiff was the sole defendant, the plaintiff was John C. Ehringtiaus, cashier ; both these parties were residents of the county of Pasquotank, and the execution was in the hands of the sheriff at the time of the sale, and the sale was made under it as well as the others. But it is alleged that in some of the executions Benjamin C. Pritchard and B. F. Jackson and William Jones who were parties plaintiffs were not residents of the county of Pasquotank, and therefore the sale is void. In truth, the Act of 1823 repeals the Acts of 1820-21 & 22, making the Court House the proper place of sale, and leaves it, so far as the county of Pasquotank is concerned as at common law, where the sheriff in good faith shall deem it best for all parties. The Act of 1820 first designated the Court House as the proper place for such sale. The Acts of 1821 <fc 22 only altering the day of sale.
 
 Grandy
 
 v. Morris, 6 Ire. 435. But if it be admitted, that under the Act of 1823, the sale under the executions in favor of nonresidents is still, in Pasquotank, to be made at the Court House, it does not affect the question presented to us under these proceedings. Here the sale was made by the sheriff under all the executions — and if one of them authorized the sale as made, it is valid, and the purchaser acquires a good title. A misrecital in the deed from the sheriff, meeting a wrong execution, does not invalidate the sale, if he had in his possession at the time of sale, one which did authorize him to act.
 
 Seawell
 
 v.
 
 Bank of Cape Fear,
 
 3d Dev. 279.
 
 Cherry
 
 v.
 
 Woollard,
 
 1st Ire. 438.
 
 Hatton & wife
 
 v.
 
 Dew,
 
 3d Mur. 260.
 

 It is further objected by the plaintiff, that the sheriff’s deed to Pool conveyed no title to him, as he did not purchase the land at the sale, but it was bid off by one John J¿ Grandy. The case discloses that Grandy transferred his bid to Pool. This he had a
 
 *356
 
 right to do, and the deed was properly made to Joseph H. Pool.
 
 Smith
 
 v.
 
 Kelly,
 
 3d Mur. 507.
 
 Blount
 
 v.
 
 Davis,
 
 2d Dev. 19.
 

 It is further insisted by the plaintiff, that the sale was void by reason of the fraud and combination between the sheriff and Grandy and others. It is very certain that any fraud or combination between a sheriff and a purchaser which affects the sale will vitiate it. There was here no combination to purchase
 
 this
 
 land. The land with other property of a personal nature, was levied on to satisfy the executions ; among them was one in favor of Joshua A. Pool against Commander, which he assigned to the three individuals who entered into the agreement, and who were his sureties, to indemnify and secure them against loss as such sureties. The agreement was, that if the property sold low, Grandy, one of the sureties, should bid it off for the joint benefit of himself and the others. Grandy became the purchaser-of the land in question, being the highest bidder, and the land going low, and afterwards assigned his bid to Joseph H. Pool, with die consent of the other sureties, upon his agreeing to pay the execution against Commander. The witness did not communicate to Joseph H. Pool the existence of the arrangement made between the sureties, nor is there any evidence it was communicated to him by any other person before he purchased. We do not however, in the agreement itself, see any thing that was fraudulent. In all public sales, whether made by a private individual as an auctioneer, or by an officer of the law as a sheriff under an execution, the object is to secure to the person whose property is sold, a fair price, and to the creditor satisfaction of his debt. Puffing or by-bidding is a fraud on the vendee as it has the effect of enhancing the price upon him, and any agreement not to bid, made for the purpose of
 
 paralyzing competition,
 
 is a fraud on the vendor, and vitiates the sale.
 
 Smith
 
 v.
 
 Greenlee,
 
 2 Dev. 126. But the rule does not extend so far as to prevent several individuals from uniting in their biddings from any other cause or motive. Judge Henderson, in
 
 Greenlee's case above,
 
 in commenting upon the principle of persons entering into combinations at public sales, says, the rule is confined to agreements which have such objects in view. There is not the slightest pretence that any such intention was entertained by the parties to this
 
 *357
 
 agreement, nor was any such effect produced. It was not an agreement not to bid against each other, but it was an agreement made by co-sureties that one of their number should purchase property at the sale, with a view to save themselves ; that, they could do so only by getting the property low ; for if they paid as much for it as upon a resale they could get, they would be precisely where they were, or indeed worse off — what they bid would have to be paid immediately, and it might be some time before they could effect a resale. Nor can the sheriff’s being one of the parties to the agreement alter the principle. He was one of the co-sureties, and had as much right as any of the others to secure himself, if he could do so without injury to the plaintiff or defendant in the execution. That the parties to the agreement acted in good faith, and with no fraudulent design to make to themselves any unfair advantage in their purchase, when the bid was transferred to Joseph H. Pool, it was a part of his agreement with them, that he should pay off the execution against Commander, so as to free him from any claim they had as the owners of it.
 

 The ground upon which our opinion is placed, renders it unnecessary to notice the refusal of the Judge to submit to the jury, the question of
 
 bonajides
 
 in Pool when he purchased the bid.
 

 Per Cubiam, Judgment affirmed.