Battle, J.
 

 There is one ground of objection to the plaintiff’s action which is fatal to it, and which renders it altogether unnecessary for us to consider any other. The consideration for the note sued upon was the assignment by the plaintiff’s intestate to the defendant, of the apprentice Hugh McKimble. The facts of the assignment and the consideration for the note are shown by the deposition of the apprentice himself, and being independent facts, may well be proved by that testimony, no matter what may have been the contents of the written instrument given by the intestate to the defendant.
 
 We
 
 hold such consideration to be against the policy of the law, and, therefore, the note given upon it void. By the statute contained in the 5th chapter of the Revised Statutes, entitled
 
 “
 
 An Act concerning apprentices,” theseveral County Courts in the State are empowered, and it is made their duty to bind out as apprentices, certain orphan and other children to “some tradesman, merchant, mariner or other person approved
 
 *416
 
 by the Court ” — every such male child to be bound until he shall attain the age of twenty-one years, and every female until her age of eighteen years.. The statute then goes on to prescribe the manner in which the binding shall be done, the reciprocal duties of the masters and apprentices, and their respective remedies for the violation of such duties. The object sought to be accomplished by the statute is manifest, and it is one of the greatest importance. It is no less than that the orphans • shall be comfortably and suitably reared and educated during their minority, and in the meantime be .taught some useful trade or employment, in order that when they become of age, they may be able to provide properly for themselves and their families, should they have any, and to perform the duties which may devolve upon them as individuals and citizens. To compensate the masters for what they are required to do for their apprentices, they are intrusted with certain powers over them, and are entitled to their services. The manner in which this relation is created, and the important objects which it has in view, show clearly that it is a personal trust. Indeed it was so decided in the case
 
 Goodbread
 
 v.
 
 Wells,
 
 2 Dev. & Bat. Rep. 476, where it was held that upon the death of the master, the relation necessarily ceased, and that, consequently, the personal representation of the deceased had no interest in the apprentice. The law then will not itself make an assignment of the apprentice : — will it permit the master to do so ? We cannot see how it can, without taking indirectly from the Justices of the County Courts the power which it expressly confers, of exercising their judgments in the selection of suitable and proper masters — such as they can
 
 approve.
 
 See
 
 Davis
 
 v. Coburn, 8 Mass. Rep. 296. If, then, it be against law for a master to assign over to another person an apprentice who has been bound to him by the County Court, a contract, founded upon the consideration of such an assignment, must necessarily be illegal and void.
 
 Sharpe
 
 v.
 
 Fanner,
 
 4 Dev. & Bat. Rep.
 
 122; Blythe
 
 v.
 
 Lovinggood,
 
 2 Ire. Rep. 20 ;
 
 Overman
 
 v.
 
 Clemmons,
 
 2 Dev. & Bat. Rep. 185, and
 
 Davis
 
 v.
 
 Coburn, ubi supra.
 

 The plaintiff’s counsel has referred us to the case of
 
 Nickerson
 
 v.
 
 Howard,
 
 19 John. Rep. 113, which appears to be in opposition to the above conclusion. In that case the defendant gave to
 
 *417
 
 the plaintiff a promissory note as the price or consideration for the assignment of an apprentice to one E. at his request; aud it was
 
 held
 
 that, in an action on the note, the defendant could not set up as a defence, that the assignment was not valid — that its validity could only be questioned in a suit by E. to recover back the price on a failure of consideration, or in a suit or proceeding in behalf of the apprentice. The Court seemed inclined to hold further that, although an indented apprentice is not assignable or transmissible, yet the assignment as between the old and the new master would be valid as a
 
 covenant
 
 for the services of the apprentice ; and if the apprentice continues to serve his new masfer, there would be no failure of the consideration of the assignment. Now if the non-assignability of an apprentice was based, like that of a bond at common law, upon an objection of a technical and not a substantial character, we might be disposed to agree with the case cited. -But the objection in this State, however it may be in New York, is of the most substantial kind : it is an objection against permitting the power of selecting and approving a fit person to have the charge of an apprentice, to be taken from the Justices holding the County Court, upon whom it is expressly conferred by statute, and given to an individual, even though that individual may be a master formerly appointed by such Justices. The policy of such a statute is too necessary for the accomplishment of the purposes it has in view, (and which are highly important both to the apprentice and the State,) to permit it to be contravened by a contract made in violation of its provisions; and we are gratified to find ourselves supported in upholding it by so respectable an authority as the Supreme Court of Massachusetts.
 

 Per Curiam. Judgment affirmed.