Nash, C„ J.
 

 The case of
 
 Sharp, Adin’r.,
 
 v.
 
 Farmer,
 
 4 Dev. and Bat. 122, is decisive of this. There, upon the death of one Jerusha Parmer, intestate, her next of kin, without any letters of administration being taken out, agreed with the defendant that he should collect the estate and sell it, and after’ paying the debts, divide the estate among those entitled to distribution. The defendant collected the assets, and after paying the debts there remained a surplus in his hands; and the action was brought in assumpsit to recover from him the distributive share of the plaintiff, he being one of the next of kin of the deceased. The Court say, “ After a vast number of cases upon the subject, it seems to be now perfectly settled, that no action will be sustained in affirmance and enforcement of an executory contract to do an immoral act,, or one against the policy of the law, the due course of justice, or the prohibition of a jienal statute.” The agreement in this case among the next of kin of Jerusha Farmer, is against the express prohibition of the Act of 1715,1 Rev. Stat. ch. 46, sec. 8, under a penalty of one hundred dollars. That section declares that no person shall enter upon the administration of any deceased person’s estate until there shall have been letters of administration, under the penalty of one hundred dollars. See
 
 Hairston
 
 v.
 
 Hairston,
 
 2 Jones’ Eq. 123.
 

 The promise made by the defendant upon which the action is brought is void, and no action can be sustained upon it.
 

 Per Curiam.
 

 The judgment of nonsuit affirmed.