Battle, J.
 

 "We do not concur with his Honor upon the first ground of objection taken for the defendant, to wit, that the action was commenced too soon. The law required that the estate should be settled up by the administrator within two years, and the presumption is, that he performed his duty, unless the contrary be shown. This, presumption was sufficient to make a
 
 prima faeie
 
 case for the plaintiff, and throw the burthen on the defendant of proving that the estate of the intestate had not been settled when the writ was issued.
 

 The second objection is fatal to the action, and upon that, we think that the decision of his Honor was correct. The principle established by the cases of
 
 Sharpe
 
 v.
 
 Farmer,
 
 4 Dev. and Bat. Rep. 122,
 
 Ramsay
 
 v.
 
 Woodard,
 
 3 Jones’ Rep. 508, and
 
 Blythe
 
 v.
 
 Lovingood,
 
 2 Ire. Rep. 20, is directly applicable to the present case. It is that
 
 “
 
 the law prohibits every .tiling which is
 
 contra bonos mores,
 
 and, therefore, no contract which originates in an act contrary to the true principles of morality, can be made the subject of complaint in the courts of justice.” In
 
 Blythe
 
 v.
 
 Lovingood,
 
 the contract was declared to be void, because it was founded upon a consideration, by which the State was-to be deprived of a fair price for its land. In the case before us, the consideration of the defendant’s promise was, that the creditors or some of the
 
 *190
 
 next of kin of George
 
 W.
 
 Ingram, deceased, were to be deprived of the fair value of his slaves.
 

 The objection may seem to come with a very bad grace from the defendant, because she was
 
 partieeps ariminis.
 
 It is not for her sake that it is allowed; but it is founded in general principles of policy, of which she has the advantage, contrary to the real justice as between her and the plaintiff. No Court will lend its aid to a man who founds his cause of action upon a promise, the consideration of which is
 
 coniza bo-nos
 
 mores, or against the public policy, or laws of the State, or in fraud of the State, or of any third person. See the cases referred to in
 
 Blythe
 
 v. Lovingood,
 
 ubi supra.
 

 Per Cueiam. The judgment is affirmed.