Battle, J.
 

 The endorsement by the payee of the note, sued on after it was due, for the purpose of enabling the plaintiffs to collect it ^s his agents, did not. confer upon them any greater right, as against the maker, than the payee himself had. If, as against the payee, the note was liable to the ob
 
 *29
 
 jection of having been given upon an illegal consideration, he certainly could not be allowed to obviate the difficulty by assigning it to an agent to collect for him. The law, denouncing a contract founded in fraud, would be untrue to itself, if it allowed itself to be defeated by so simple and obvious a contrivance.
 

 ~We
 
 must, therefore, treat the present suit as if it were brought in the name of the payee, Jesse Inman, instead of his endorsees and agents, the plaintiffs. So treating it, we are clearly of opinion, that the testimony, which was offered for the purpose of showing that the note was executed with the fraudulent intent to cheat the creditors of the payee, by giving to the maker a plausible pretext for claiming all his property, ought to have been received, because, if true, it furnished a complete defense against the action.
 

 No principle is better established than that a contract, the consideration of which is the doing of an act, either
 
 malum in se
 
 or
 
 malum prohibitum
 
 is void, and no action at law can be sustained upon it;
 
 Thorpe
 
 v. Farmer, 4 Dev. and Bat. Rep. 122 ;
 
 Blythe
 
 v. Lovingood, 2 Ire. Rep. 20 ;
 
 Ramsay
 
 v.
 
 Woodard,
 
 3 Jones’ Rep. 508;
 
 Ingram
 
 v.
 
 Ingram,
 
 4 Jones’ Rep. 188. Here, the consideration upon which the bond was given, was manifestly illegal, its object being the purpose of hindering and defeating the creditors of the payee, and out of such an illegal contract, no action can accrue to him.
 
 Ex dolo malo nonoritior actio.
 
 It can hardly be necessary to remark, that the fact of the note’s being under seal, cannot prevent the legality of the consideration, upon which it was founded, from being enquired into. A seal may prevent the enquiry, whether the instrument was given without any consideration, but not whether the consideration was contrary to the policy of the law, and, therefore, illegal and void. See
 
 Garner
 
 v.
 
 Qualls,
 
 4 Jones’ Rep. 223. Our opinion being that there was error in rejecting the testimony to which we have adverted, the judgment in the Court below' must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed. ■