J. F. KING v. J. E. WINANTS.

The judgment of this Court in *King* v. *Winants*, 71 N. C. Rep. 469, affirmed.

PETITION, to re-hear this case, which was decided in this Court at June Term, 1874.

The facts, pertinent to the case, as decided, are fully set out in 71 N. C. Rep., 468, and it is deemed unnecessary to report them again.

*Smith & Strong*, for the petitioner.
*Batchelor & Son*, contra.

BYNUM, J.    When a case, which has been once decided by this Court, is again brought before it for a re-hearing, in the

manner prescribed by law, it is the unquestionable duty of the Court, not only to re examine the grounds of the former decision, but to carefully consider any new and additional argument or authority which may be presented with the view of changing the judgment of the Court. This duty we have attempted to discharge, but the result is that we have been unable to discover any error in the former decision, and 'that we must, therefore, adhere to and affirm it.

In the re-argument, Mr. Smith submits the true test for determining whether the action can be maintained, to be this: If the plaintiffs' demand, though connected with an illegal transaction, can be enforced, without aid from the illegal transaction, it will be upheld; and in support of this position, he cites *Simpson* v. *Bloss*, 2 E. C. L. R., 3 and 6. The rule is not disputed, but the difficulty is in its application. The burden of so presenting his demand that it may be enforced without opening the illegal transaction, certainly rests upon the plaintiff, and the rule laid down by Mr. Smith will be found easier in theory than in the practical application of it. The Courts will not be swift to seek a way of enforcing a demand which springs out of a nefarious transaction, upon subtle distinctions.

But this Court in the opinion delivered, 71 N. C., 469, fully considered the case, in the view presented by the learned counsel, but held that he had not brought his case within the rule he laid down, for that the rights of the parties to this action, could not be determined without opening and developing the entire transaction. His premises, therefore, having failed, his conclusions must go with them. That the demand here cannot be enforced without the aid of the illegal contract, is clear from many recent decisions in cases analogous to this. Where a board of auditors of the town of O., were authorized to receive proposals for the collection of town taxes, and to award the collection to the person offering the most favorable terms, the plaintiff and defendant, both made proposals. At the time of doing so, they made an agreement that if either

obtained the award, he would share the profits equally with the other. The defendant obtained the award and made certain profits. It was held that the agreement was against public policy, and that the plaintiff was not entitled to recover the stipulated share of the profits. *Atchison* v *Malton*, 43 N. Y., 147.

Again: Where several parties entered into an unlawful agreement to bid for certain work, and did put in a bid, but before it was awarded, another who was a higher bidder, purchased the bid for $400, giving his note therefor. It was afterwards agreed, that one of the parties to the illegal partnership, should collect the note, and that each of the partners should receive $100 of the proceeds. One of the parties was not paid, and brought his action for his share of the money collected. It was held that the partnership being illegal, he could not enforce any of its unexecuted provisions, one of which was to divide the $400. *Woodworth* v. *Bennett*, 43 N. Y., 273. There, the express agreement made for the collection of the note and the division of the note and the division of the money, could not be enforced, because it was a promise to carry out the unperformed provisions of the contract of partnership. So where two or more persons conspired to do an unlawful act, and a draft was given in furtherance of the agreement, it was held that the agreement being against public policy, the draft was tainted with the illegality, and could not be recovered upon. *Morris Run Coal Co.* v. *Barclay Coal Co.*, 68 Pa., 173.

These cases are but in affirmance of *Blythe* v. *Lovingood*, 2 Ired. 20, and the prior case of *Holman* v. *Johnson*, Cowper 343, cited and fully commented upon in the opinion of this Court, as delivered by Justice READE.

The whole doctrine may be summed up in this proposition, viz: The taint of illegality extends to and vitiates every subsequent transaction growing out of and in furtherance of the original illegal transaction. We do not propose to go further in the discussion, and have said this much only in answer to the argument submitted on the re-hearing. The soundness of

our decision rests upon the opinion of the Court as delivered heretofore.

We again call the attention of the profession to what was said by the Court in the case of *Watson* v. *Dodd*, 72 N. C. Reports.

The former judgment of this Court is affirmed.

Per Curiam.                                   Judgment affirmed.