Setter v. Alvey.

All the Justices concurring.

---

## BERNARD SETTER v. C. P. ALVEY.

1. EQUITY; *Parties in Pari Delicto*. Where both parties to a contract, void as against public policy, are equally at fault, the law will leave them where it finds them. If the contract be still executory, it will not enforce it, nor award damages for its breach. If already executed, it will not restore the price paid, nor the property delivered.

2. ——— So where a town company, the occupants, and all interested in the town-site, made a contract with a county to deed it certain lots on the town-site, providing the county-seat was located at the town, and afterward the county-seat was so located and the lots deeded, *held*, that neither the town company, the occupants, the parties interested in the town-site, nor one claiming under them, could avoid the deed, or recover the land.

3. DEED BY TRUSTEE OF TOWN-SITE; *Grantee not an Occupant.* Where a party in whose name a town-site is preëmpted for the benefit of the occupants, thereafter makes a deed for a town lot to a party who was not an occupant, but who might lawfully receive a deed, and there is nothing to show the purpose or consideration of the deed, or that it was not made with the assent and pursuant to the direction of all the occupants, *held,* that it was error to hold such a deed void and of no effect, as not made in conformity to the duty of the trustee and preëmptor.

4. TITLE; *Rights under Unrecorded Deed.* A party to avail himself of § 13, ch. 30, of the laws of 1859, for the purpose of obtaining precedence of a prior unrecorded deed, must be a "subsequent purchaser, for a valuable consideration, without notice."

### *Error from Anderson District Court.*

EJECTMENT, brought by *Alvey* as plaintiff, against *Setter* as defendant. The facts, and nature of title claimed by each party, are fully stated in the opinion, *infra.* The case was tried before W. S. as referee, who found, "as matters of law, that said plaintiff has a valid legal and equitable title to the premises in dispute, having derived his title from G. W. Iler, chairman of the board of trustees of the town of Garnett, without any notice, either actual or constructive, to plaintiff's grantor, of the previous deed given by the said Iler to the board of commissioners of Anderson county; that said plaintiff has a right to avail himself of the absence of notice, actual or constructive, to his said grantor; and that the plaintiff is entitled to judgment against the defendant for the recovery of the premises in his petition described, and for his costs." The district court, at the March Term 1874, confirmed this report, and gave judgment thereon in favor of *Alvey,* and *Setter* brings the case here on error.

*Bergen & Kirk,* for plaintiff in error.

*W. A. Johnson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment for half a town lot in Garnett. The facts are these: In October 1861 the town-site of Garnett was preëmpted by G. W. Iler, chair-

man of the board of trustees, for the use and benefit of the occupants, and patent issued June 1st 1863. On April 11th 1862, Iler conveyed the lot in controversy to the commissioners of Anderson county. This deed was not recorded until November 30th 1863. On April 14th 1863, Iler also conveyed the lot to J. M. Alvey, and this deed was recorded February 2d 1864. In 1869 J. M. Alvey conveyed to C. P. Alvey, the plaintiff below, now defendant in error. The same year the county conveyed to one Hedley, who conveyed to Setter, defendant below, now plaintiff in error. J. M. Alvey had no notice, actual or constructive, of the deed to the county at the time of his deed from Iler. It does not appear what he paid, if anything, for the deed, nor whether the deed to him (J. M. Alvey,) was made in disregard of the claims of C. P. Alvey, or in pursuance of his request. The lot was drawn at the regular drawing of lots by said C. P. Alvey, who was an actual occupant of the town-site, and a stockholder in the Garnett Town Company. It was drawn upon share 153. It was also drawn at the same time by the county of Anderson, being the fifty-sixth lot drawn. The county became interested in the town-site, under an agreement between it and all parties interested in the town-site of Garnett, that if the county-seat should be located there 400 lots in Garnett would be given to the county. It does not appear whether plaintiff was or was not ignorant of the deed of the county to this particular lot, though as an occupant he was a party to the original contract. Upon these facts the court rendered judgment in favor of the plaintiff, defendant in error. The lot was first drawn by the county, first deeded to the county. Why should this priority be set aside, and one holding under a subsequent drawing and subsequent deed be given the lot? It is insisted that the deed to the county was void, because the contract upon which it was based was against public policy. Concede, for the purposes

1. Parties in equal fault.

of the argument, that the contract was so, and therefore void, and we do not think it follows that the deed can be avoided. The town of Garnett and the occu-

pants were in fault equally with the county. And the rule is general, that the law will not in such cases interfere in favor of either party. If the contract remains executory, the law will neither enforce it, nor award damages for its breach; if already executed, nothing paid or delivered can be recovered back. So here, no deed having passed, and the contract being void, as stated, the county could not have compelled the deed; and on the other hand, the contract having been 2. No remedy for executed, and the deed passed, neither the town either party. company nor the occupants can set it aside and recover the land. And what they cannot do, no one claiming under them can do. Again, it is claimed that the deed is void because of the provision in the act of congress of March 2d 1867, which declares, that "any act of the trustees not made in conformity to the regulations" alluded to in the section granting the right of entry, shall be void. (U. S. Revised Stat. 440, § 2391.) Iler was under the act a trustee for the occupants, and the county could not in the nature of things be an occupant. Therefore, a deed to the county was to one 3. Town-site; not an occupant, and not in conformity to the trustee's deed to one not an regulations referred to. It may properly be no- occupant. ticed here, that so far as the findings of the referee are concerned, nothing is shown as to the consideration or purpose of the deed. He simply finds that the county drew the lot and received the deed. All the information we have as to the contract is from the answer of the defendant, which alleges the making of the contract, and the execution of the deed in pursuance of it. Of course then, while the facts alleged in the answer may be used as against the defendant, they must all be taken together, and it is there alleged that the contract was made by the county with the town authorities who furnished the money to enter the town-site, and with the assent of the occupants, and all other persons interested in the town-site. With the answer out, we have simply the drawing and the deed; with it in, we have also a contract, assented to by the plaintiff, and all other parties interested. Nowhere does it appear for what purpose this lot was con-

veyed to the county, whether for use as a site for a court-house, jail, or other public building, or purely for purposes of speculation. Now, if a county may lawfully take a deed for a town lot from the authorities of a town for any purpose, and if the party in whose name a town-site is preëmpted may, with the assent of all the occupants, and parties interested, lawfully deed a lot to the county, then this deed must, as against this objection, be held good, for there is nothing to show the purpose, and it cannot be presumed to have been illegal; and nothing to show a want of assent, and it cannot be presumed that a trustee has violated his trust. Indeed, the plaintiff's title rests upon a deed made to one not an occupant, and without any apparent right to a deed.

Plaintiff in error devotes a considerable portion of his brief to show that § 13 of ch. 30, Laws of 1859, does not avail the title of defendant in error. Defendant in error seems in his brief to concede the point; at least, he makes no claim under that section. Nor indeed could he make any successful claim, for the only persons entitled to any rights under it are, "subsequent purchasers for a valuable consideration, without notice." And there is nothing to show that plaintiff's grantor, J. M. Alvey, ever paid any thing for the lot, or that plaintiff was not fully cognizant all the time of the county's claim and deed.

4. Ch. 30, § 13, Laws of 1859, construed.

The judgment of the district court must be reversed; and there being no exception to the referee's findings of fact, the case will be remanded with instructions to enter judgment for plaintiff in error, defendant below, for his costs.

All the Justices concurring.