ALEXANDER H. LINDSAY v. GEORGE J. SMITH and JOSEPH HOSKINS.

*Contract—Illegal Consideration—Agreement to Stop Criminal Prosecution.*

1. A contract founded upon an agreement to stifle or discontinue a criminal prosecution of any kind, is void.

2. Where, for a single consideration, a covenant is entered into to perform two separate acts, one legal and the other illegal, the whole is void; *Therefore,* where the defendant for a single consideration, covenanted under the penalty sued for, to ditch the plaintiff's land and to stop the prosecution of an indictment pending against him for maintaining a public nuisance; *Held,* in an action for the penalty, that the plaintiff was not entitled to recover.

(*Vanover* v. *Thompson,* 4 Jones, 485; *Garner* v. *Qualls,* Ibid. 223; *Thompson* v. *Whitman,* Ibid. 47; *Ingram* v. *Ingram,* Ibid. 188; *Blythe* v. *Lovinggood,* 2 Ire. 20; *King* v. *Winants,* 71 N. C. 469, and 73 N. C. 563, cited and approved.)

CIVIL ACTION for Breach of Covenant, tried at Fall Term, 1877, of GUILFORD Superior Court, before *Buxton, J.*

The case is sufficiently stated by Mr. Justice BYNUM in delivering the opinion of this Court. Upon the hearing in the Court below, His Honor sustained the demurrer of defen-

LINDSAY *v.* SMITH.

dants and dismissed the action. Judgment for costs. Appeal by plaintiff.

*Messrs. J. N. Staples* and *Merrimon, Fuller & Ashe,* for plaintiff.

*Mr. J. A. Gilmer,* for defendants.

BYNUM, J. This is an action for a breach of covenant. The defendants demur to the complaint, and the facts are these: On the 17th of February, 1874, an indictment was pending in the Superior Court of Guilford County, against the plaintiff Lindsay, for erecting and maintaining a public nuisance, by constructing a dam across a certain creek, and ponding back the water thereof, which thereby became stagnant, fetid and unwholesome, to the common, nuisance of the citizens. That on said 17th of February, the covenant sued on was entered into, whereby the defendants covenanted under the penalty sued for, to cut, maintain and keep in repair, a certain ditch through the lands of the plaintiff; and that the plaintiff covenanted that when the work was done, he would pay the defendants fifty dollars ; and it was further covenanted as follows : " And it is further agreed by all the parties hereto, in consideration of the premises, that the indictment now pending in the Superior Court of Guilford County, against the said Alexander H. Lindsay, found at February Term, 1873, shall be discontinued and not proceed, and the prosecution thereof stopped without cost to the said Lindsay." * * * " And it is further agreed and understood by all the parties hereto, that this agreement is to be of no binding force on any of said parties whose names are signed hereto, until and unless the indictment herein before spoken of shall be discontinued without cost to the said Lindsay." And this covenant is signed by the plaintiff and defendants.

Assuming this covenant to have been broken by the defendants, do these facts constitute a cause of action ?

The general doctrine was admitted by the plaintiff's counsel, that no executory contract, the consideration of which is *contra bonos mores* or against the public policy or the laws of the State, can be enforced in a Court of Justice. It was further admitted that when the consideration of a contract is the compounding a felony, or the suppressing a prosecution of an offence strictly public in its character, such a contract cannot be enforced. But it was contended that this doctrine applied only to felonies, or at most to public misdemeanors, and that it had no application to offences, though indictable, yet private in their nature, as affecting an individual or a community, as in this case. In our State it has been decided directly otherwise. *Vanover* v. *Thompson,* 4 Jones 485. There, Thompson executed his promissory note to Vanover " to be valid and legal, provided the said Vanover shall not appear as a prosecutor or witness against James Thompson, with whom the said Vanover has a controversy ; now if the said Vanover shall thus appear, this note to be null and void." It does not appear what was the offence of Thompson, but a State's warrant had been issued against him by a Justice of the Peace, for some offence personal to Vanover, who failing to appear as a witness, the proceedings were dismissed. The plaintiff was non-suited, and it was then pronounced as a well settled principle that all contracts founded upon agreements to compound felonies, or to stifle prosecutions of *any kind* are void and cannot be enforced. And in *Garner* v. *Qualls,* 4 Jones 223, the consideration of the contract was the suppressing a prosecution for an *alleged* forgery. The obligee procured the bond to be executed by representing that a kinsman of the obligor had committed an indictable offence, and by agreeing not to prosecute. It was held that the bond was void, *whether any such offence had been committed or not.* This case is, therefore, a conclusive answer to the objection taken in our case, that the supposed indictment did not charge an indictable offence.

In *Garner's* case, the obligor *believed* an offence had been committed, and the consideration of the note was to suppress inquiry about it. It is a matter of the gravest public concern, that all infractions of the criminal law should be detected and punished. A party cannot take care of his private interest by depriving the State of a witness or an active prosecutor, which is the means relied on 'for the conviction of offenders; much less can he pollute the very fountains of criminal justice, by suppressing an indictment already instituted against him. *Thompson* v. *Whitman,* 4 Jones 47 ; *Ingram* v. *Ingram,* 4 Jones 188 ; *Blythe* v. *Lovinggood,* 2 Ire. 20.

So in civil cases, all contracts prohibiting parties from bringing an action and all agreements purporting to oust the Courts of their jurisdiction ; all agreements to pay money to stifle or suppress evidence or to give evidence in favor of one side only, or not to appear as a witness in a civil suit; all contracts, bonds, indemnities and undertakings, tending to induce Sheriffs, Clerks, Jailors and other public officers to violate or neglect their duty or made to protect them from the consequences of their misconduct, are 'absolutely null and void, as contracts obstructing or interfering with the administration of public justice, and as being contrary to the public policy of the law. 1 Add. on Contracts, § 258.

But the defendants' counsel contends with great ingenuity that there are two covenants in this sealed instrument, and that they are *divisible,* part being good, and part bad ; that the contract of the defendants is to do two things; first, to dismiss the indictment, which is illegal and void, but second, to cut and keep up the ditch, which is legal and valid, and is the contract for the breach of which the action is brought. In regard to this proposition the general rule is that if there are several considerations for separate and distinct contracts, and one is good and the other bad, the one may stand and be enforced, although the other fails,

under the maxim *"utile per inutile non vitiatur."* But where
there is but one entire consideration for two several con-
tracts, and one of these contracts is for the performance of
an illegal act, the whole is void, as where one sum is to be
paid for the doing of a legal and illegal act. Thus, where
upon a contract for the hiring and service of a house-keeper
at certain agreed wages it appears to have been a part of
the contract that the house-keeper should co-habit with her
master, the whole will be void and the wages irrecoverable
by her. *Rex* v. *Northingfield,* 1 B. & Ad. 912; *Willyams*
v. *Bullmore,* 32 Beav. 574; 1 Addison on Contracts § 300.
In *Alexander* v. *Owen,* 1 T. R. 227, the case was this:
Upon a contract of sale of tobacco, it was agreed that
counterfeit money should be taken in payment, and the
tobacco having been delivered and the counterfeit money
sent, the vendor refused to receive it and brought an action
to recover the price of the tobacco, but the Court said that
the sale could not be held to be good and the payment
bad ; if it was an illegal contract, it was equally bad for the
whole, and the parties being *in pari delicto, melior est condi-
tio defendentis.* Apply these principles to our case. There
was but one indivisible consideration moving from the
plaintiff, to-wit, the sum of fifty dollars, and for that con-
sideration, the defendants covenant to do two things,—the
one legal and the other illegal. The consideration cannot
be divided and enough of it assigned to support the con-
tract to cut and maintain the ditch, but it, as it were, *per
my et per tout,* enters into and supports both promises.

But there is another view equally fatal to this action. A
part of the covenant is in these words: "And it is further
agreed and understood by all the parties hereto, that this
agreement is to be of no binding force on any of said par-
ties whose names are signed hereto, until and unless the in-
dictment herein before spoken of, shall be discontinued with-
out cost to the said Lindsay." So the validity of the contract

LINDSAY *v.* SMITH.

is expressly made to depend upon the performance of the very act which makes it invalid, to-wit, the dismissal of the indictment.    The covenants were not to be binding until the prosecution had been discontinued, and the contract to dismiss it, was immoral and void.    In such cases, the law will leave the parties where it finds them.    *Kimbrough* v. *Lane*, 11 Bush. 556; *Setter* v. *Alvey*, 15 Kan. 157; 1 Smith Lead. Cases, Marg. pages 153–165 and notes; *King* v. *Winants*, 71 N. C. 469, and 73 N. C. 563.

No error.

PER CURIAM.                    Judgment affirmed.