THE HENDERSON-SNYDER COMPANY v. J. A. POLK.

(Filed 19 November, 1908).

1. Mortgagor and Mortgagee — Illegal Consideration — Evidence — Questions for Jury.

   When the defense to an action for the possession of personal property, claimed under mortgage by a subsequent purchaser, is that the consideration for the mortgage was the suppression of a criminal prosecution, and there is some evidence tending to show that the withdrawal of the prosecution was an independent transaction, not influenced by the promise to give the note and mortgage, it is sufficient to go to the jury.

2. Mortgagor and Mortgagee—"Chilling Sale"—Collusion—Evidence —Acts and Declarations of Another—Common Purpose—Evidence—Questions for Jury.

   Under foreclosure sale made in pursuance of a power contained in a first mortgage, there was evidence tending to show that the mortgagee, acting with full knowledge and consent of his father, the defendant, procured a stranger to bid in the property at the sale, at an inadequate price, by reason of his trying to induce others not to bid, stating that it was a sham sale. The first mortgage debt was paid by defendant, who took possession of the property and sold a part of it at a much greater price, proportionately, than that paid by him under the mortgage sale. In an action for possession of the property remaining in defendant's possession, brought by the second mortgagee. *Held*, (1) The evidence was sufficient to go to the jury upon the question of collusion between defendant and the mortgagee for the purpose of chilling the sale, and causing the property to bring an inadequate price; (2) The acts and declarations of the mortgagor in furtherance of the conspiracy, were competent against the defendant; (3) The evidence was sufficient to sustain a verdict for the plaintiff.

ACTION tried before *Jones, J.,* and a jury, February Term, 1908, of UNION.

This action was brought to recover the possession of a mule. The plaintiff claimed the mule under a mortgage of J. Lee Polk to it, and the defendant under a mortgage from J. Lee Polk of prior date, which conveyed two mules, one of which is the mule in controversy.

HENDERSON-SNYDER CO. v. POLK.

· The defendant alleged that the note and mortgage, under which the plaintiff claimed, were given to suppress a criminal prosecution and, further, that the two mules had been sold under the senior mortgage at a fair sale and purchased by him. The plaintiff denied that the consideration of the debt and mortgage held by it was the suppression of a criminal prosecution, and alleged that, at the sale under the senior mortgage, there was a fraudulent suppression of biddings for the purpose of defeating its rights under the junior mortgage. The issues submitted to the jury, with the answers thereto, were as follows:

1. Was the agreement to *nol pros* the criminal prosecution against J. Lee Polk any part of the consideration in execution of the note and mortgage sued on? · Answer: No.

2. Was the bidding at the sale by the mortgagee, J. F. Doster, chilled and suppressed by the conduct of J. Lee Polk, with the knowledge and consent of J. A. Polk, and did the defendant J. A. Polk purchase the property sold at an inadequate price? Answer: Yes.

3. What was the value of said mules on the day of sale? Answer: $250.

4. Is plaintiff the owner of and entitled to the possession of the mule described in the pleadings? Answer: Yes.

5. What is the value of said mule? · Answer: $125.

The defendant, in apt time, requested the Court to instruct the jury as follows:

1. There is no evidence from which the jury can find that the defendant J. A. Polk did anything or used any words calculated to chill or stifle biddings at the said sale (under the senior mortgage), and the jury should answer the second issue "No."

2. If the jury believe the evidence, they should answer the first issue "Yes."

The Court refused to give either of the instructions, and the defendant excepted. The defendant objected to the sub-

mission of the second issue, the objection was overruled and the defendant excepted. Judgment was rendered upon the verdict for the plaintiff, and the defendant appealed. The other facts are stated in the opinion of the Court.

*Redwine & Sikes* for defendant.

No counsel for plaintiff.

WALKER, J., after stating the case: We have carefully examined the testimony in this case, and think there was at least some evidence that the plaintiff's mortgage was not given to procure the withdrawal of the criminal prosecution, or, in other words, that the suppression of the prosecution was not the consideration of the debt and the mortgage securing its payment. There was some evidence tending to show that the withdrawal of the prosecution was an independent transaction, not influenced by the promise to give the note and mortgage. The evidence may have been slight, but it was fit for the consideration of the jury, in our opinion.

The defendants objected to the evidence as to the declarations of J. Lee Polk, as to the suppression of biddings at the sale under the senior mortgage, upon the ground that it was hearsay and, therefore, not competent against J. A. Polk, but the evidence tends to show that J. Lee Polk and J. A. Polk, the latter being the father of the former, were acting together in making the sale, the mortgagee, J. F. Doster, having little or nothing to do with it. There were facts and circumstances the jury might well find to have existed, and relations and conduct of the parties which tend to show that the sale was not a fair one, but that J. Lee Polk and J. A. Polk had conspired for the purpose of having the property sold at an undervalue, so as to defeat the plaintiff's rights under his mortgage. This made competent the acts and declarations of J. Lee Polk in furtherance of the common design. The jury found that it was a collusive sale, and upon evidence, as we think, which justified the finding. That

J. Lee Polk acted with the full knowledge and consent of the defendant in all he did, with respect to the sale, seems to be clearly shown by the evidence. J. Lee Polk procured the bidder, a stranger who had no interest in the matter, but who really acted in the interest of J. A. Polk at the request of J. Lee Polk. The property sold was worth two hundred and fifty dollars and was bought at the sale for one hundred dollars and J. F. Doster's debt of seventy-five dollars was paid. J. A. Polk afterwards sold one of the mules for one hundred and twenty-five dollars, retaining the other one. There were other facts shown which tended to establish a common purpose to make a sham sale, and that it was understood how the illegal sale should be effected. "Where two persons are engaged together in the furtherance of a common design to defraud others, the declarations of each relating to the enterprise are evidence against the other, though made in the latter's absence." *Lincoln v. Chaflin,* 7 Wallace, 132. Judge Elliott thus states the rule in such cases: "It is, perhaps, the universal rule, that any act done, or any declaration made, by any one of the conspirators in the furtherance or perpetration of the alleged conspiracy may be given in evidence against himself or his co-conspirators. This rule has been more aptly stated as follows: 'The law undoubtedly is, that where two or more persons combine or associate together for the prosecution of some fraudulent or illegal purpose, any act or declaration made by one of them in furtherance of the common object, and forming a part of the *res gestae,* may be given in evidence against the other.' Of this rule the Supreme Court of Indiana said: 'The principle on which the acts and declarations of other conspirators, and acts done at different times, are admitted in evidence against the persons prosecuted is that, by the act of conspiring together, the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as regards the prosecution of the common design, thus rendering whatever is done or

said by any one, in furtherance of that design, a part of the *res gestae,* and, therefore, the act of all.' Substantially the same rule applies in criminal as in civil cases as to the admissibility of the acts or declarations of one conspirator as original evidence against each member of the conspiracy." 4 Elliott on Evidence, sec. 2939, citing *Card v. State,* 109 Ind., 415. See also *Cuyler v. McCartney,* 40 N. Y., 221; *State v. George,* 29 N. C., 327; *Cabiness v. Martin,* 15 N. C., at p. 110.

What J. Lee Polk said at the sale was calculated to deter others from bidding and to depress the price of the property. In express words, he tried to induce others not to bid, stating that it was a sham sale. "A sale at auction is a sale to the highest bidder, its object a fair price, its means competition. Any agreement to stifle competition is a fraud upon the principles on which the sale is founded." *Smith v. Greenlee,* 13 N. C., 126; *Davis v. Keen,* 142 N. C., 496.

We have found no reversible error in the other rulings of the Court to which the defendant excepted.

No error.