From Halifax.
To this bill the defendant answered that she had no knowledge of any of the facts therein charged, but that she had been informed and believed that Brinkley purchased the land from Elias Gay, and paid a full and valuable consideration therefor; and that the said purchase was made and the deed executed without any trust, and subject to no condition whatever. The answer admitted that Patsey Gay, the mother of (142) complainant and also of defendant, had kept possession of the land, but alleged that this possession had been suffered from motives of affection for a parent.
Sundry depositions were taken in the cause, which proved the agreement and trust charged in the bill; and the cause coming on to be heard, the question was made and sent to this Court, whether as the deed to Brinkley purported to be absolute and for a valuable consideration, and the agreement and trust charged in the bill were expressly denied by the answer, parol evidence could be admitted to prove the agreement and trust.
The conveyance to Brinkley was not made with any fraudulent intent or from any motive of moral turpitude. This case is therefore free from the common objections *Page 108 
to relief in cases of secret trust. Whether parol evidence will be admitted to set up a trust, where a deed is absolute, depends much upon the particular circumstances of each case in which it is attempted. In the present case the Court are of opinion that the parol evidence should be admitted, as Brinkley did not take possession of the premises conveyed to him, nor call upon those in possession for an account of the rents and profits; and this "being contrary to the ordinary effect of a sale, gives an impression of a trust of some kind, between the parties, and admits the introduction of evidence to explain the trust." 1 Wn. 14.
Cited: Clement v. Clement, 54 N.C. 185; Ferguson v. Haas, 64 N.C. 778.