DORA HENDREN v. VANCE HENDREN et al.

(Filed 30 November, 1910.)

1. Uses and Trusts — Parol Trusts — Dower — Husband's Estate — Estate of Former Wife.

In a petition for dower of a second wife in the lands of her husband, evidence is competent, in behalf of the children of the first marriage, to show that certain of the lands were paid for by their mother and improvements made thereon with her money, and that the deed thereto was made to the husband by mistake, as such evidence, if found as a fact by the jury, would establish a trust estate in favor of the children and heirs at law of their mother, superior to the claim of dower, which must necessarily be laid off from the deceased husband's estate.

2. Uses and Trusts—Parol Trusts—Character of Evidence—Questions for Jury.

The evidence to establish a trust estate by parol must be clear, strong and convincing, but it is for the jury to find whether or not the proof is of this character, under proper instructions from the judge.

3. Uses and Trusts—Parol Trusts—Purchase Price—Locus in Quo— Identity.

In this case the objection is without merit that the proof of the payment for the lands upon which a parol trust is sought to be engrafted by defendants was not sufficiently definite as to the lands in controversy.

APPEAL from *Pell, J.,* at the August Term, 1910, of WILKES.

Petition for dower, transferred to civil issue docket on answer, filed by some of the heirs at law. The court charged the jury, in effect, that if the evidence was believed, the plaintiff was entitled to dower, as claimed, in all the lands set forth and described in the petition. Verdict and judgment for plaintiff, and defendants, other than Lunday and Mattie May Hendren, excepted and appealed.

*Hackett & Gilreath* for plaintiff.
*Finley & Hendren* for defendant.

HOKE, J. The Court does not take the view of this evidence which seems to have impressed his Honor below. The heirs at law of E. B. Hendren, who were children by a former wife, ad-

mitting that the petitioner was entitled to dower in a portion of outlying land, described in the petition, answered and alleged that as to certain property, situate in the town of North Wilkesboro, while the legal title thereto was in their father, E. B. Hendren, at the time of his death, the same had been bought, paid for and improved from money and funds which was the sole and separate estate of their mother. Defendants alleged further that the deed conveying title had been made to the father by mistake instead of their mother, who paid for the property. If these averments are made good, and there was evidence introduced, tending to sustain them, they would establish a trust estate in favor of the defendants, as children and heirs at law of their mother, superior to the claim for dower, which must arise, if at all, from the estate of the father. *Ray v. Long,* 128 N. C., p. 90; *Kirkpatrick v. Holmes,* 108 N. C., p. 206. True the Court has repeatedly held that in order to establish a trust of this character, in contravention of the terms of a written deed, the evidence must be clear, strong and convincing, but our decisions are also to the effect that "when the testimony is sufficient to carry the case to the jury, as on an ordinary issue, the judge can only lay this down as a proper rule to guide the jury in their deliberations and it is for them to determine whether, in a given case, the testimony meets the requirements of the rule as to the degree of proof." *Gray v. Jenkins,* 151 N. C., p. 82. It was insisted, on the argument, that the proof did not connect the alleged payments with the property in controversy, but we do not so interpret the testimony. Several of the witnesses spoke of the purchase of the property and the payments on it in terms sufficiently definite to require that the issue raised should be determined by the jury. There is error, and this will be certified that a new trial may be had.

Error.