C. M. MINTON v. FARMVILLE-WOODWARD LUMBER COMPANY AND W. F. BARBER AND WIFE, ISOLENE BARBER.

(Filed 23 September, 1936.)

1. **Trusts A b—Held: This was an action to establish a parol trust and not an action to enforce a contract.**

Plaintiff procured an option on certain standing timber. He took the option to the corporate defendant and thereafter the corporate defendant exercised the option and had conveyance made to it by the individual defendants. Plaintiff alleged that the corporate defendant agreed to pay the individual defendants the purchase price of the timber for plaintiff, the plaintiff to cut the timber and deliver it to the corporate defendant for a stipulated price per thousand feet, and the corporate defendant to reimburse itself for the purchase price advanced by retaining a part of the purchase price of the lumber as it was delivered by plaintiff, and that under the agreement the corporate defendant held title to the timber in trust for plaintiff. The jury answered in the affirmative the issue as to whether the corporate defendant agreed to advance the purchase price and hold title to the timber for the benefit of plaintiff, and thereupon the court, in accordance with the agreement of the parties, found that the corporate defendant held title to the timber as trustee for plaintiff, and entered judgment to that effect. *Held:* Under the theory of trial, the action was not one to enforce a contract, but one to engraft a parol trust upon the corporate defendant's timber deed.

**2. Appeal and Error B b—**

> An appeal will be determined in accordance with the theory of trial in the lower court.

**3. Trusts B c—**

> In order to engraft a parol trust on a written instrument, plaintiff must prove the facts constituting the basis of his claim by clear, strong, and convincing proof, and an instruction that the burden is on him to establish such facts by the preponderance of the evidence entitles defendant to a new trial.

**4. Cancellation of Instruments B d—**

> A nonsuit is properly entered upon an interplea seeking to have certain instruments canceled for fraud when the parties seeking the relief fail to introduce any evidence that they were defrauded.

APPEAL by the defendants from *Harris, J.,* at March Term, 1936, of MARTIN.

*Wheeler Martin, B. A. Critcher, and J. H. Matthews for plaintiff, appellee.*
*J. Faison Thomson and Elbert Peel for defendant Farmville-Woodward Lumber Company, appellant.*
*H. L. Swain for defendants Barber and wife, appellants.*

SCHENCK, J. This is an action to have the defendant Farmville-Woodward Lumber Company declared a trustee for the plaintiff of certain timber conveyed by deed to said lumber company by the defendants W. F. Barber and wife. The plaintiff alleges, *inter alia,* "that under the aforesaid agreement heretofore had by and between the defendant Farmville-Woodward Lumber Company and the plaintiff, the said defendant Farmville-Woodward Lumber Company now holds the title to the said tract of timber under the aforesaid deed executed by W. F. Barber and wife, and recorded in Book O-3, page 286, in the office of the register of deeds of Martin County, in trust for the plaintiff, and the plaintiff is entitled to the conveyance of said tract of timber by the said defendants."

The defendant Farmville-Woodward Lumber Company filed answer and denied the existence of any agreement between it and the plaintiff whereby it could be construed that it held the timber deeded to it by the defendants Barber and wife in trust for the plaintiff.

The defendants W. F. Barber and wife answered and filed an interplea, in which they alleged that the option to the plaintiff and the deed to the defendant Farmville-Woodward Lumber Company executed by them were obtained by fraud, and asked that both be declared void.

At the close of the evidence the plaintiff's motion that the interplea of the defendants Barber and wife be nonsuited was sustained, and their alleged cause of action was dismissed. The defendants Barber and wife excepted and appealed.

The plaintiff offered evidence tending to show that he procured a written option on the timber involved from the defendants Barber and wife upon the agreed consideration of $2,500, and that he then entered into an oral agreement with the defendant Farmville-Woodward Lumber Company to finance the purchase of said timber, that the terms of this agreement were that the lumber company would pay the $2,500 to Barber and wife for the plaintiff, and would pay the plaintiff $11.00 per thousand feet for the lumber delivered at its mill in Williamston, that $3.00 of this $11.00 was to be withheld to apply on the repayment of the advancement by the lumber company to Barber and wife until the entire $2,500 was repaid, and $8.00 paid to the plaintiff to defray operating expenses, and, in addition, the defendant lumber company was to furnish the plaintiff certain logging equipment; and further tending to show that the plaintiff left his written option from the Barbers with the lumber company and that the lumber company used this option and procured a deed to itself from Barber and wife for the timber involved.

The defendant Farmville-Woodward Lumber Company offered evidence tending to show that the option was obtained by the plaintiff for its benefit, and that it paid the purchase price of $2,500 for the timber and took title to the timber, and that the only agreement existing between it and the plaintiff was that the plaintiff could have the job of logging the timber if his bid met the bid of competitive bidders.

The case was tried upon the following issues:

1. Did the defendants W. F. Barber and wife execute the contract to convey the timbers, rights, privileges, and easements to the plaintiff, as alleged in the complaint?

2. Did the plaintiff tender to the defendants W. F. Barber and wife the purchase price of $2,500 and demand the execution and delivery of deed for the said timbers, rights, privileges, and easements to the plaintiff, within sixty days provided for in the contract, as alleged in the complaint?

3. Did the defendant lumber company agree to advance the purchase price of $2,500 to pay for the said timbers, rights, privileges, and easements for the plaintiff, and to take and hold the title thereto for the use and benefit of the plaintiff until the said purchase price was repaid to the defendant lumber company by the plaintiff, as alleged in the complaint?

4. Does the defendant lumber company hold the title to the said timbers, rights, privileges, and easements as trustee for the use and benefit of said plaintiff, as alleged in the complaint?

MINTON *v.* LUMBER CO.

The first two issues were answered "Yes" by consent, and it was agreed that in the event the third issue was answered by the jury in the affirmative that the court should answer the fourth issue likewise, and if the jury should answer the third issue in the negative that the court should answer the fourth issue in a similar manner. The third issue, the only issue submitted to the jury, was answered "Yes," and the fourth issue, in accord with the agreement, was, by the court, answered "Yes."

Judgment was entered declaring that the Farmville-Woodward Lumber Company held title to the timber involved for the plaintiff upon conditions in accord with the allegations of the complaint. From this judgment the defendant Farmville-Woodward Lumber Company appealed.

The Farmville-Woodward Lumber Company assigned as error the following from his Honor's charge, to wit: "The burden of that (third) issue is upon the plaintiff Minton and before you can answer that issue 'Yes' the plaintiff Minton must offer evidence which will satisfy you by its greater weight that this company did agree to buy this timber for Minton and to hold it for him and give him this contract for logging at $11.00, and $3.00 of that to be paid on the purchase price and $8.00 for operating expenses, and the balance of the timber, if any left over, to be deeded back to Minton. . . . If you are satisfied from the evidence, and by the greater weight, that that was the contract between Mr. Minton and the lumber company, then it would be your duty to answer that issue 'Yes.' If you are not so satisfied, you will answer it 'No.' "

This assignment of error must be sustained, since the degree of proof required of the plaintiff to sustain the third issue was clear, strong, and convincing, and not the mere preponderance. From the facts as they appear from the evidence the defendant Farmville-Woodward Lumber Company has the legal title to the timber in controversy, formally conveyed to it by the defendants W. F. Barber and wife, and the purpose of this action is to engraft a trust upon this title in favor of the plaintiff. The case, in our opinion, comes within the principle enunciated in *Ely v. Early,* 94 N. C., 1, and that line of cases, and the plaintiff was required to establish his allegations by clear, strong, and convincing proof. "The rule as to the *quantum* or intensity of the proof does not depend upon the particular nature of the trust, but is founded upon the theory that the written instrument speaks the truth and contains the final expression of the agreement between the parties. Whoever, therefore, seeks to show that it does not, should be required to do so by a degree of proof greater than a mere preponderance." *Boone v. Lee,* 175 N. C., 383 (385-6). See, also, *Montgomery v. Lewis,* 187 N. C., 577, and cases there cited.

We cannot agree with the position taken in the appellee's brief that this was an action to enforce a contract, and that, therefore, the degree of proof required was a mere preponderance. That the case was not tried upon that theory below is evident from the issues submitted, more especially the fourth issue. The judgment, which declares that the defendant Farmville-Woodward Lumber Company holds title to the timber involved for the benefit of the plaintiff upon certain terms and conditions, further indicates that the case was tried upon the theory that it was an action to engraft upon the deed from Barber and wife to the Farmville-Woodward Lumber Company, absolute on its face, a parol trust in favor of the plaintiff. The case must be considered on appeal in the light of the theory upon which it was tried below. *Potts v. Ins. Co.*, 206 N. C., 257.

The motion for judgment as of nonsuit upon the allegations of the interplea of the defendants W. F. Barber and wife was properly sustained, since there was no evidence that these defendants were defrauded.

Upon appeal of defendant Farmville-Woodward Lumber Company,
New trial.

Upon appeal of defendants Barber and wife,
Affirmed.