J. A. JACKSON v. J. L. THOMPSON, MRS. CHRISTINE GREEN,
MRS. ELIZABETH DAVIDSON AND E. F. YOUNG.

(Filed 14 December, 1938.)

1. **Trusts § 15—**

The purchase of land with money belonging to others creates a result-
ing trust for their benefit, entitling them to follow the funds into the
land.

2. **Trusts § 18d—**

Parol evidence is competent to establish a resulting trust.

3. **Judgments § 20—Lien of judgment does not attach to lands held by
judgment debtor as naked trustee.**

The lien of a judgment does not attach to land held by the judgment
debtor under an unrecorded deed as a naked trustee or to which he has
obtained bond for title with trust funds, nor may the judgment creditor
contend that since he lent money for which the judgment was obtained
in reliance on the debtor's interest in the land, he is therefore entitled
to a lien under the principle of equitable levy, the relation of a judgment
creditor to the property being insufficient to defeat the rights of the
*cestuis que trustent.*

4. **Same: Equity § 2—Judgment creditor held without standing to claim
that laches barred cestuis from asserting trust against judgment
debtor.**

Under the facts and circumstances of this case, plaintiff judgment
creditor is held without standing in court to contend that the *cestuis que
trustent*, whose money was invested in the land, were estopped by laches
from asserting their interest in the land, the matter being between the
parties to the trust, and not available to the judgment creditor in his
action to subject the lands to the satisfaction of his judgment.

5. **Execution § 12—Cestuis held entitled to establish resulting trust by
parol in creditor's action to subject the land to the judgment.**

Plaintiff instituted this action to subject certain land to the satisfaction
of his judgment upon allegation that the judgment debtor was the owner
thereof under an unrecorded deed. Upon defendant judgment debtor's
allegations that he had invested money belonging to his wife's and chil-
dren's estates in purchasing the land, they were made parties, and sought
to establish their rights as *cestuis* of a resulting trust by parol evidence.
*Held:* The parol evidence was competent to establish the resulting trust,
and its exclusion was reversible error.

APPEAL by J. L. Thompson, Mrs. Christine Green and Mrs. Elizabeth
Davidson from *Sink, J.,* at October Term, 1938, of CUMBERLAND.  New
trial.

The plaintiff, a judgment creditor of the defendant J. L. Thompson,
brought this action to subject certain land, which he alleges to be that
of defendant, to the satisfaction of the judgment.  The form of the pro-

ceeding is adopted because, as plaintiff alleges, the lands do not stand in the name of defendant on the records, although he is the equitable owner; that he purchased the lands from defendant E. F. Young, and fully paid for them; that Young made him a "good and sufficient deed" therefor, which defendant refuses to put upon record; or that, at any rate, he is entitled to have Young convey the lands to him. The plaintiff demands judgment that this be done; that a receiver be appointed, and that the land be sold to satisfy his judgment.

The defendant J. L. Thompson answers, setting up the defense that the land in question was bought by him at an auction sale had by Young, at which time he paid one-fourth cash and executed notes for the balance, Young giving him a bond for title; that the funds used in the purchase of the lands were proceeds of the sale of certain other lands in Greene County, in which he had no interest, but which were willed to Zilphia Thompson, his wife, during her natural life, and to her children. These children, at the time of the purchase, were William Thompson, Wesley Thompson, Elizabeth Thompson, Christine Thompson, and J. L. Thompson, Jr., since deceased. He alleges that William and Wesley were provided for by other investments in land, and this land represents the investment of the funds of Christine and Elizabeth, and was bought for them; that the sale of the Greene County lands was made under an order of court in a proceeding for sale and reinvestment, and the schedule of payment of the purchase price of the lands bought of Young was made to fit the terms on which he had sold the Greene County lands; that he had not applied for a deed because there was a small balance due on one of the notes. In an amendment to the pleading he sets up that the proceeding for sale and reinvestment was inadvertently nonsuited by Judge Daniels at September Term, 1918, of Harnett Superior Court, between the time of sale and report of the Commissioner, and defendant asks that this order be set aside, and the proceeding treated as still pending, in order that the rights of the parties may still receive such further protection as may be necessary.

It appearing that Christine Green and Elizabeth Davidson (the "Christine" and "Elizabeth" referred to above) were necessary parties, they were joined as parties defendant and filed pleading in agreement with the answer and defense of their father and codefendant Thompson.

The defendant Young answered alleging that he had sold the defendant the lands, receiving one-fourth cash and three notes which had been fully satisfied, and had executed to defendant Thompson a deed for the land.

The plaintiff replied to the various answers, denying the essential allegations, pointing out the incompleteness of the proceedings for sale and reinvestment, the want of authority for the reinvestment, and lack

of report and confirmation thereof; and alleged laches on the part of the defendants Christine Green and Elizabeth Davidson in not compelling a report and account and securing a deed for the lands until, as alleged, a period of eight years had elapsed after they became of age. Plaintiff claims they are now estopped, because of such laches, to obtain any order; and that they had paid no taxes upon the lands, claimed no interest in them, and were now estopped to assert any.

On the trial of the cause the defendants sought to show the interest of Christine Green and Elizabeth Davidson in the lands in question, and to show that the said lands had been purchased by funds belonging to them, by the testimony of J. L. Thompson.

Several questions were addressed to him, the answers to which were excluded, and the record indicates that if he had been permitted to do so he would have testified substantially as follows: (a) That the total amount the lands in Greene County brought was $15,341.45, plus $500.00 paid to the Auction Company; (b) that he bought 248 acres of land on Raleigh Road in Cumberland County from E. F. Young in 1918, on which there is a small part due on the last note; (c) that he got the money from the Greene County land through R. L. Godwin, commissioner; (d) that the land belonged to his wife's and children's estate; (e) that he had bought the land for his two daughters, Elizabeth and Christine (defendants in this case), as trustee for them; and (f) that it was their land; that they had given to the two boys, who had passed the age of 21, $2,800 worth of land in Dunn, and that the 248 acres were for his daughters; that he had prior to this time invested $8,000 of the Greene County funds in the W. L. Hudson place for his wife and five children, Elizabeth, Christine, William, Wesley, and John L., Jr., the latter of whom died in 1924; that the lands in Dunn were purchased with a part of the Greene County fund; that witness had no personal interest in the land, but used part of the money derived from the sale of the land in Greene County to buy these 248 acres of land in Cumberland County from E. F. Young; that the bond for title was in his name because the girls were under age and could not sign notes for the deferred payments, and that he had not called for the deed because of a small balance owed on the last note.

All of this evidence was excluded and is covered by defendant's exceptions 1 to 5.

The following issues were submitted to the jury: "(1) Is the defendant E. F. Young the holder of the paper title to the lands described in the complaint? (2) If so, is the defendant J. L. Thompson, individually, entitled to have made to him, by his codefendant E. F. Young, a deed for said lands? (3) What amount, if any, is the plaintiff entitled to recover of the defendant J. L. Thompson?" To each of the two first

issues the jury answered "Yes" and to the third issue answered "$3,500, with costs and interest, as alleged." Thereupon, a judgment was entered requiring E. F. Young to execute to J. L. Thompson "a good and sufficient deed" to the lands in question, and adjudging that "the title estate and interest of J. L. Thompson in the above described lands be and the same is hereby condemned and foreclosed"; and the judgment proceeds to appoint Commissioners to sell the land and make a report to the court.

From the judgment the defendants appealed.

*J. R. Young and I. R. Williams for plaintiff, appellee.*
*R. L. Godwin and Robert H. Dye for defendants, appellants.*

SEAWELL, J. The exclusion of the testimony of J. L. Thompson seems to proceed on the theory that the defendants must succeed in their claim of ownership of the land only by virtue of an order of the court, carried out in accordance with strict legal procedure, authorizing the sale of the Greene County lands and the reinvestment of the fund under another order of the court, with the report duly made and confirmed; and that parol evidence is incompetent to establish the facts. This is contrary to the uniform decisions of the Court covering the matter. Nothing else appearing, the use of the money of Christine Green and Elizabeth Davidson in the purchase of the lands herein sought to be charged with the lien of the judgment would create a resulting trust for their benefit in J. L. Thompson, the purchaser, if he received a deed in his own name, and they may follow the funds into the land with appropriate testimony. *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45; *Minton v. Lumber Co.,* 210 N. C., 422, 187 S. E., 568; *Ins. Co. v. Dial,* 209 N. C., 339. The principle is so familiar that we refrain from quotation.

Naturally the facts giving rise to such a resulting trust nearly always rest in parol. In North Carolina such resulting trusts are known as parol trusts: *Gorrell v. Alspaugh,* 120 N. C., 362, 27 S. E., 85, 87; and are, of course, subject to parol proof. *Furniture Co. v. Cole,* 207 N. C., 840, 178 S. E., 579; *Ins. Co. v. Dial, supra; Hendren v. Hendren,* 153 N. C., 505, 69 S. E., 506.

In this case there is a controversy as to whether a deed had been actually made to Thompson—the plaintiff claiming that it had, and the defendant claiming that only a bond for title had been made. The acceptance of either theory would not materially vary the application of the principle of law involved.

The plea that the judgment creditor had loaned to the defendant Thompson, upon the "strength of his holdings," that is, in consideration of his financial worth, as including the property in question, and there-

fore, has a legal right to subject the property to the lien of the judgment as against the rights of the defendants Christine Green and Elizabeth Davidson to establish a parol trust, has no merit. There was no recorded deed to the judgment debtor which might have gone into an estimate of defendant's solvency; and even if there had been the relation of a mere judgment creditor toward the property of his debtor is not of such a character as to affect or defeat the rights of *cestuis que trustent.*

The reason for the rule is thus stated in *Guaranty State Bank v. Pratt* (Okla.), 180 P., 376, 378: "A judgment creditor is in a very different position from one who has bought and paid, or who has loaned money on the face of the recorded title, and he is not a *bona fide* purchaser, for the reason that he has parted with nothing to acquire his lien, and when the real title prevails over the apparent title he is in no worse position than he was before he acquired his lien, and for that reason equity does not regard the judgment creditor, but assists those who have invested in, and therefore, have a substantial interest in, the real estate." See, also, *J. I. Case Threshing Machine Co. v. Walton Trust Co.,* 39 Okla., 748, 136 P., 769.

A judgment taken upon an individual debt against the holder of a mere legal title held in trust for another has no lien upon the land so held. The lien of a judgment is no more than that which is provided by the statute, and is effective only against "the real property in the county where the same is docketed of every person against whom any such judgment is rendered"; C. S., 614; and in case of the effective assertion of a parol trust there was no property interest of Thompson in this land to which lien might attach, and none to which the lien might be extended on the principle of equitable levy.

Upon the circumstances of this case the relation between the plaintiff, as judgment creditor, and the defendant J. L. Thompson, as judgment debtor, gives the plaintiff no standing to urge the lapse of time and the laches of the defendants, Christine Green and Elizabeth Davidson, in not bringing their affairs to an earlier settlement and not having accounts filed and approved and proper conveyance of the lands made to them. There is no allegation, and certainly no evidence, that the alleged trustee has either denied the trust or refused to execute it; and if he had the matter would still be between the parties to the trust.

The defendants were denied the right to prove their case in the only way available to them, and in the way universally approved by the court. *Wise v. Raynor,* 200 N. C., 567, 157 S. E., 853; *Tire Co. v. Lester, supra; Gay v. Hunt,* 5 N. C., 141; *Furniture Co. v. Cole, supra.* In the exclusion of the evidence offered in the testimony of the defendant J. L. Thompson, and that of the corroborating witness, there was error, entitling the defendants to a new trial.

New trial.