### J. D. MARTIN v. C. L. UNDERHILL.

(Filed 24 November, 1965.)

**1. Appeal and Error § 38—**

Assignments of error not brought forward in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Trial § 51—**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound discretion of the trial court and denial of the motion is not reviewable in the absence of manifest abuse of discretion.

**3. Trial § 21—**

On motion to nonsuit, plaintiff's evidence must be taken as true and all conflicts therein resolved in his favor, giving him the benefit of all reason-

able inferences to be drawn from the evidence, and no consideration must be given to defendant's evidence which tends to contradict or impeach plaintiff's evidence.

**4. Trusts § 19—**

Evidence that prior to a judicial sale the parties agreed that defendant would bid on the property for plaintiff and, if he should become the highest bidder, would take title for plaintiff, and would thereafter convey title to plaintiff upon plaintiff's payment of the purchase price plus a fee, and that pursuant to the agreement defendant purchased the property at the sale, *is held* sufficient to be submitted to the jury in an action to enforce the parol trust.

**5. Contracts § 8—**

A contract to stifle bidding at a judicial sale is *contra bonos mores* and void, and will be declared so *ex mero motu* when such defect appears from the evidence of either party, since such defect may not be waived.

**6. Same—**

Evidence to the effect that defendant agreed to go to a judicial sale and bid on the property for plaintiff, without evidence that at the time of the agreement defendant intended to attend the sale or bid upon the property on his own account, *held* not to disclose a purpose to prevent or discourage the bidding and does not disclose that the contract was void as against public policy.

**7. Frauds, Statute of § 6a—**

A resulting trust does not come within the statute of frauds.

**8. Trusts §§ 17, 19—**

The burden is upon plaintiff to establish a resulting trust by clear, cogent and convincing proof, but whether plaintiff's evidence has that convincing quality is a question for the jury and not for the court upon motion to nonsuit.

APPEAL by defendant from *Carr, J.,* First April 1965 Regular Civil Session of WAKE.

This is a suit to have the defendant declared constructive trustee of a tract of land in Wake County and of certain farm equipment, and to compel him to convey the same to the plaintiff and to account for rents and profits therefrom. The complaint alleges that the land and the equipment were sold at a public sale by a trustee, that the plaintiff and defendant agreed that the defendant, for a fee of $500, would attend the sale and bid for the plaintiff and, if the successful bidder, would take title to the property in his own name but would then convey it to the plaintiff upon demand, that he was the highest bidder at the sale and received a deed for the property but then refused to convey it to the plaintiff. The answer admits that the defendant became the highest bidder for the property at such sale

MARTIN *v.* UNDERHILL.

and received a deed from the selling trustee. It denies all other material allegations of the complaint and alleges as a further defense the invalidity of the alleged contract because it was not in writing as required by the Statute of Frauds.

The jury found that the defendant agreed with the plaintiff to take title to the property in trust for the plaintiff and to convey it to him upon payment of the purchase price and the fee of $500. The court thereupon entered judgment that the defendant took title to the property as constructive trustee for the plaintiff and ordered him to convey it to the plaintiff upon the latter's tender of the amount found by the court to be due, the parties having agreed that the amount, if any, to be so tendered might be found by the court. From such judgment the defendant appeals, assigning as error the refusal of the court to grant his motion for judgment as of nonsuit, the refusal of the court to set aside the verdict as contrary to the weight of the evidence and the action of the court in entering the said judgment.

The evidence offered by the plaintiff tends to show: The plaintiff learned that the property was to be sold at a foreclosure sale. Desiring to buy it, but believing that if he, himself, bid for the property he would have to bid more than if he got someone else to bid for him, he asked the defendant to bid for him, take the title and hold it until the then occupant vacated the premises and thereupon convey it to the plaintiff, offering to pay the defendant $500 for so doing. The defendant agreed. The plaintiff and the defendant approached the sale separately. The plaintiff stood away from the defendant and by signals indicated to the defendant from time to time to raise the bids placed by others, which the defendant did. After thus raising the bid several times, the defendant became the highest bidder at $11,000. Following the sale, the defendant deposited $600 with the selling trustee. The plaintiff and the defendant then separately proceeded to the plaintiff's place of business and the plaintiff gave the defendant a check for $600 to cover the deposit which the defendant had just given to the selling trustee. This check has never been cashed. After the time allowed for an upset bid expired, the selling trustee conveyed the property to the defendant, who, pursuant to his own suggestion to the plaintiff, paid the amount of his bid with his own money. Thereafter, when the plaintiff demanded a deed conveying the property to him, the defendant refused. The $500 fee has not been paid to the defendant, he having previously suggested that it be paid to him with the amount of the purchase price when he conveyed the property to the plaintiff, which he has refused to do.

The defendant offered evidence tending to show: He saw the notice of the foreclosure sale, went to look at the property, got the

plaintiff to take him to the foreclosure sale, asked the plaintiff if he was interested in buying the property and, upon being told that the plaintiff was not interested in doing so, decided to buy it for his own account. He became the highest bidder at $11,000, gave the selling trustee his check for $600 covering the required deposit, and after the time for an upset bid expired, with no such bid being made, employed an attorney to examine the title, for which service he paid the attorney. Upon being advised that the title was good, he paid the amount of his bid to the trustee with money drawn from his own savings account and received a deed to the property. Thereupon, he paid the taxes upon the property and paid for a policy of fire insurance. He had no agreement with the plaintiff to buy the property for the plaintiff. The plaintiff never gave him a check for $600 or for any other amount.

*Mordecai, Mills & Parker for defendant appellant.*
*George R. Ragsdale for plaintiff appellee.*

LAKE, J. The appellant does not bring forward into his brief or cite therein any authorities in support of his assignment of error with reference to the overruling of his motion to set aside the verdict as being against the greater weight of the evidence and, on that ground, to grant a new trial. Such assignment is, therefore, deemed abandoned. Rule 28, Rules of Practice in the Supreme Court. In any event, this motion was addressed to the sound discretion of the trial judge whose ruling, in the absence of manifest abuse of discretion, is not reviewable on appeal. *Grant v. Artis,* 253 N.C. 226, 116 S.E. 2d 383; *Pruitt v. Ray,* 230 N.C. 322, 52 S.E. 2d 876.

In passing upon the defendant's motion for a judgment of nonsuit, the plaintiff's evidence must be taken to be true, conflicts therein must be resolved in his favor, all reasonable inferences which can be drawn therefrom favorable to him must be drawn, and no consideration can be given to the defendant's evidence tending to contradict or impeach the plaintiff or to show the existence of a different state of facts. *Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338; *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579; *Eason v. Grimsley,* 255 N.C. 494, 121 S.E. 2d 885. When so considered, the evidence is amply sufficient to show, as the jury found, that before they went to the sale the parties agreed that the defendant would bid on the property for the plaintiff and, if he became the highest bidder, would take title in trust for the plaintiff and, thereafter, would convey it to him upon the plaintiff's paying the defendant the purchase price

plus the fee of $500 for the defendant's services. Such evidence requires the overruling of the motion for judgment as of nonsuit unless the contract so shown is unenforceable because its purpose was unlawful or by reason of some other defect inherent in the contract itself. The appellant does not contend otherwise in his brief and did not do so in his oral argument before us.

In support of his contention that his motion for nonsuit should have been allowed, the appellant argues in his brief and orally that the alleged contract is not enforceable because its purpose was to stifle the bidding at a public sale and, therefore, was against public policy.

As long ago as *Smith v. Greenlee,* 13 N.C. 126, it was said:

> "A sale at auction is a sale to the best bidder, its object a fair price, its means competition. Any agreement, therefore, to stifle competition is a fraud upon the principles on which the sale is founded. It * * * vitiates the contract between the parties so that they can claim nothing from each other."

It is well established in this and other jurisdictions that a contract to stifle or to puff bidding at a public sale at auction is *contra bonos mores* and will not be enforced at the suit of either party. *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336; *Owens v. Wright,* 161 N.C. 127, 76 S.E. 735; *Davis v. Keen,* 142 N.C. 496, 55 S.E. 359; *Bailey v. Morgan,* 44 N.C. 352; 7 Am. Jur. 2d, Auctions and Auctioneers, §§ 28, 29.

The appellant did not allege in his answer that the contract is unenforceable because against public policy. Nevertheless, if such defect in the agreement appears from the evidence of either party, the court will, on its own motion, refuse to enforce the contract, this being a defect beyond the power of the parties to waive even by an express stipulation. *Cansler v. Penland,* 125 N.C. 578, 34 S.E. 683.

The appellant's difficulty arises from the fact that these sound principles of law have no application to this case since the evidence does not indicate any agreement to stifle the bidding at the foreclosure sale. The defendant testified that there was no agreement whatever between the parties concerning his bidding. The plaintiff's evidence indicates that there was an agreement to the effect that the defendant would place bids for the plaintiff and, if successful, would take title in his name for the plaintiff's benefit and, on demand and payment of the purchase price and fee, would convey to the plaintiff.

Construing the evidence as we must upon a motion for judgment of nonsuit, it indicates no intention on the part of the defendant, at the time of this agreement, to attend the sale or bid upon the property for his own account. The purpose of the agreement was not to prevent or discourage him from doing so. There is no indication that the plaintiff had any knowledge of any change of intent on the part of the defendant until after the sale was completed and he called upon the defendant for a deed in accordance with their agreement.

Public policy does not forbid one, desiring to purchase land at a foreclosure sale, to employ an agent to bid for him. There is no requirement that the fact of the agency or the identity of the principal be made public at the sale. The nondisclosure of the principal's interest in acquiring the property at the sale does not discourage other persons from bidding. There were other bidders at the sale in question. There is nothing to indicate that they did not bid up to what they believed to be full value of the property being sold. The contract between the plaintiff and the defendant was, therefore, not against public policy. It created a fiduciary relationship between them which was valid and binding.

It is well settled in this State that such an agreement to acquire the legal title to land and to hold it in trust for a person other than the grantor is not within the Statute of Frauds and such parol trust is enforceable. *Paul v. Neece*, 244 N.C. 565, 94 S.E. 2d 596; *Rush v. McPherson*, 176 N.C. 562, 97 S.E. 613; *Allen v. Gooding*, 173 N.C. 93, 91 S.E. 694; *Avery v. Stewart*, 136 N.C. 426, 48 S.E. 775; *Owens v. Williams*, 130 N.C. 165, 41 S.E. 93; *Cobb v. Edwards*, 117 N.C. 244, 23 S.E. 241; Lee, North Carolina Law of Trusts (2d Ed.), 67, 68.

In *Paul v. Neece, supra,* this Court, speaking through Winborne, C.J., said:

> "[I]t is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement."

In *Avery v. Stewart, supra,* at p. 437, speaking through Walker, J., the Court said:

> "If the legal title is obtained by reason of a promise to hold it for another, and the latter, confiding in the purchaser and relying on his promise, is prevented from taking such action in his own behalf as would have secured the benefit of the property to

himself, and the promise is made at or before the legal title passes to the nominal purchaser, it would be against equity and good conscience for the latter, under the circumstances, to refuse to perform his solemn agreement and to commit so palpable a breach of faith. It would be strange indeed if such conduct is beyond the reach of a court of equity, and if the party who has been grossly deceived and injured by it is without a remedy. The fact that the defendant in this case paid the purchase price out of his own money should not alter the case to the prejudice of his victim."

In order to establish that the grantee in a deed, absolute upon its face, holds title subject to such a parol trust, the evidence of the agreement so to hold it must be clear, cogent and convincing, *McCorkle v. Beatty*, 226 N.C. 338, 38 S.E. 2d 102, but whether the evidence has that convincing quality is a question for the jury upon proper instructions from the court, the rule as to the sufficiency of the proof to withstand a motion for judgment of nonsuit being the same as in other cases. *Cunningham v. Long*, 186 N.C. 526, 120 S.E. 81; *Hendren v. Hendren*, 153 N.C. 505, 69 S.E. 506; *Gray v. Jenkins*, 151 N.C. 80, 65 S.E. 644. The court properly instructed the jury as to the degree of proof required to establish the alleged trust and the jury found in favor of the plaintiff.

There was no error in denying the motion for judgment as of nonsuit and entering the judgment upon the verdict returned by the jury.

No error.