CHARLOTTE GAMMAGE JOHNSON v. RAYMOND EDWARD JOHNSON AND WINN-DIXIE RALEIGH, INC.

No. 7410SC757

(Filed 6 November 1974)

1. **Evidence § 54— momentum of truck — improper hypothetical question**
　　　In this action for damages arising out of an automobile-truck collision, the trial court did not err in the exclusion of expert testimony as to the momentum of a 50,000 pound tractor-trailer where the testimony was based on a hypothetical question which failed to include the pertinent facts that the truck was veering to the left and was decelerating at the time of the impact.

2. **Evidence § 29; Witnesses § 7— testimony from notes — recollection not refreshed — past recollection recorded**
　　　The trial court did not err in permitting a doctor to testify from notes which did not refresh his recollection, rather than requiring the notes to be placed in evidence, where it was established that the doctor personally made the notes, that they were made contemporaneously with each visit by plaintiff and that they fairly and accurately represented what had occurred.

**3. Evidence § 50— medical testimony — conclusion of expert — absence of prejudice**

　　In an action to recover for injuries received in an automobile-truck collision, plaintiff was not prejudiced by the admission of a doctor's conclusions as to primary and secondary gains that a patient seeks in exhibiting post-traumatic neurosis since the testimony could have supported a greater award for pain and suffering.

APPEAL by plaintiff from *McClelland, Judge,* 18 March 1974 Civil Session of WAKE County Superior Court. Heard in the Court of Appeals 17 October 1974.

This is a civil action for damages arising out of an automobile-truck collision. The plaintiff's complaint basically asserts that on 19 March 1968, she was driving her Cadillac along Wade Avenue Extension in Raleigh, N. C., near its intersection with Glenwood Avenue, and that the defendant-driver, through his negligence, crashed into the rear end of her car causing her some $200,000 damage.

At the trial, plaintiff put on eight witnesses, including three medical doctors who testified that the plaintiff had suffered a mild back strain and that sometime after the accident the plaintiff had begun to suffer from degenerative changes in her body which were triggered by post-traumatic neurosis. Plaintiff also offered the testimony of a PhD in mechanical engineering for the purpose, *inter alia,* of hypothetically showing to the jury the momentum of a 50,000 pound tractor-trailer. The defendants' objection to the introduction of this testimony was sustained. It was established in the other testimony that the tractor-trailer was moving approximately five miles per hour when it struck plaintiff's car in the left rear as the truck was veering to the left to avoid the collision.

The defendant put on two doctors, one by way of deposition. The first doctor, an orthopedic surgeon who had treated the plaintiff, testified by referring to notes he had taken after each visit by the plaintiff. The plaintiff's objection to the introduction of this evidence was overruled. Thereafter, the deposition of a neurologist was offered. In this deposition, the doctor testified as to the various tests he had performed on the plaintiff and the results. Toward the end of the deposition, the doctor testified as to the plaintiff's post-traumatic neurosis and the attendant primary and secondary gains realized by the patient for exhibiting the neurosis. When counsel for the defendants sought to go into these gains, counsel for plaintiff objected,

the court overruled these objections and the neurologist was allowed to express his opinion on the plaintiff's particular situation with regard to primary and secondary gains.

After the defendants rested, the case was submitted to the jury which found that the plaintiff had not been injured by the negligence of the defendant-driver. Judgment was filed on 29 March 1974 wherein it was ordered that the plaintiff recover nothing of defendants. Plaintiff's motion for a new trial was denied whereupon plaintiff appealed.

*Blanchard, Tucker, Denson & Cline by Charles F. Blanchard and Charles A. Parlato for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey and C. Woodrow Teague for defendant appellees.*

CAMPBELL, Judge.

[1] The appellant contends that the trial court erred in excluding the testimony of their expert relative to the momentum of a different object at a different speed. There can be little doubt that the ordinary juror could have been enlightened by the testimony of an expert regarding the measurement of momentum, but this kind of testimony, on the facts of this case, would not aid the jury in disposing of the issues. The jury could understand and appreciate the basic difference in the forces applied when a 50,000 pound trailer-truck strikes a car and those applied when a 6,000 pound pickup truck strikes one. In any event, the testimony elicited by the expert was based on a hypothetical question which eliminated some very pertinent facts, to-wit, the truck was veering to the left at impact and was decelerating at the time. The presence of these factors would alter the vectorial forces applied. Consequently, their omission might serve to confuse the issues before the jury. We find that the exclusion of this testimony was within the discretion of the trial judge and was not error.

[2] The appellant also contends that the trial court erred in admitting the testimony of a doctor who had no independent recollection of the events to which he testified. The appellant particularly contends that the testimony of the doctor was taken by direct reference to his notes and that since his notes did not refresh his recollection, they were "past recollections recorded." Plaintiff's objection to this testimony was overruled, and the doctor was allowed to read from them in answer to questions.

Johnson v. Johnson

It was established that the doctor personally made the notes, that they were made contemporaneously with each visit by the plaintiff and that they fairly and accurately represented what had gone on. As a consequence, the notes were admissible as evidence even though they were never actually offered. The plaintiff asserts that if a witness has no present recollection of the facts in his notes, those facts must be elicited by means of the writing itself. This statement of the law is unquestioned. Nevertheless, the notes may be offered through the doctor himself. "The commonest application of the principle is in cases permitting an attorney . . . to relate from his notes the testimony given on a former trial. . . ." 1 Stansbury, N. C. Evidence, § 33 (Brandis Rev. 1973). We believe that there was no error in allowing the doctor to testify from his notes where a proper foundation was laid as it was in this case. See also 98 C.J.S., Witnesses, § 358(c) (1957).

[3] The appellant further contends that the trial court erred in admitting certain conclusions made by a doctor in a deposition read to the jury. The conclusions referred to were ones relating to primary and secondary gains that a patient seeks in exhibiting post-traumatic neurosis. This testimony was particularly related to the doctor's conclusion that the plaintiff had developed post-traumatic neurosis. This testimony was in the form of an opinion which was admittedly speculative. Though the plaintiff complains of the allowance of this opinion in evidence, it actually could have supported a greater award for pain and suffering. In a similar case, a woman was allowed to recover for physical injuries resulting from madness and emotional shock created by a bill collector. See *Crews v. Finance Company*, 271 N.C. 684, 157 S.E. 2d 381 (1967). In like manner, mental suffering accompanying physical injury is a proper element of damages. See *Britt v. R. R.*, 148 N.C. 37, 61 S.E. 601 (1908). We find that in the circumstances of this case, the plaintiff was not prejudiced by the doctor's conclusions.

The appellant's last assignment of error was that the trial court erred in failing to grant the plaintiff a new trial. Upon review of the record, we find that the plaintiff's contentions were submitted to the jury on stipulated issues and that since the charge of the court was omitted, it is presumed proper. The jury could have found that the defendant-driver was not negligent or that the plaintiff was not injured by that negligence. It was within the province of the jury to so conclude and we

find no abuse of discretion by the trial court in denying plaintiff's motion for a new trial.

We find no error.

Judges BRITT and VAUGHN concur.