NANCY JOHNSON MONTGOMERY v. DORIS A. WRENN AND ALLEN WRENN

No. 7518SC325

(Filed 3 September 1975)

1. **Appeal and Error § 49— exclusion of testimony — harmless error**
   Plaintiff was not prejudiced by the exclusion of testimony of plaintiff and her medical witness where both plaintiff and the medical witness were permitted to testify as to matters of the same import in their subsequent testimony.

2. **Trial § 51— denial of motion to set aside verdict — no abuse of discretion**
   In an action to recover for injuries allegedly received in a rear-end collision, the trial court did not abuse its discretion in the denial of plaintiff's motion to set aside the verdict for defendant and to grant a new trial where the jury could have found that defendant was not negligent or that plaintiff was not injured by defendant's negligence.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 9 December 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 August 1975.

The action was instituted by plaintiff to recover damages for personal injuries sustained in a rear-end collision on 25

January 1971. Plaintiff contends that defendant, Doris Wrenn, negligently crashed into the rear of plaintiff's car causing traumatic epilepsy and degenerative arthritis in the plaintiff.

Plaintiff testified that the car directly in front of her suddenly stopped, and that she was able to stop short of hitting the car in front of her even though the weather was foggy. Plaintiff then testified that she felt a terrific impact from the rear. On impact, the plaintiff stated that she became "flushed," and could not turn her head. Her car was totally damaged and could not be repaired.

Plaintiff put on six witnesses to testify regarding the extent of her injuries. Dr. Earl W. Schafer, a specialist in the field of orthopedic surgery, stated that he examined the plaintiff two months after the accident. His examination revealed that the plaintiff had good range of motion in the neck with no muscle spasms. X-rays gave no indication of injury. However, Dr. Schafer prescribed a soft cervical collar for the plaintiff.

In August 1974, Dr. Isabel Bittinger examined the plaintiff. Dr. Bittinger, a licensed orthopedic surgeon, testified that her examination revealed degenerative arthritis and that the arthritis could have been caused by the trauma of the accident.

The defendant offered no evidence and the jury returned a verdict for the defendant on the issue, "Was plaintiff injured and damaged by the negligence of the defendant as alleged in the complaint?"

*Smith, Carrington, Patterson, Follin, and Curtis, by Michael Curtis, for plaintiff appellant.*

*Henson, Donahue, and Elrod, Joseph E. Elrod III and Richard L. Vanore, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff contends that the trial court committed prejudicial error in excluding competent evidence relating to the extent of plaintiff's injuries. Plaintiff's contention is based on exclusions in her testimony and the testimony of Dr. Bittinger. Defendant argues that the exclusions were proper because the answers were not responsive.

Plaintiff contends error but does not make an attempt to show prejudice or harm. The exclusion of testimony is not prej-

udicial when it appears that the testimony could have no material bearing on the issue or could not alter the rights of the parties or affect the outcome of the case. Both Dr. Bittinger and the plaintiff were permitted to testify as to matters of the same import in their subsequent testimony. Plaintiff did not satisfy the burden of showing prejudicial harm.

[2] Plaintiff next contends that the trial court committed prejudicial and reversible error by denying plaintiff's motion to set aside the verdict and grant a new trial. A motion to set aside the verdict is addressed to the sound discretion of the trial court and denial of the motion is not reviewable in the absence of manifest abuse of discretion. *Martin v. Underhill*, 265 N.C. 669, 144 S.E. 2d 872 (1965) ; *Wilson v. Young*, 14 N.C. App. 631, 188 S.E. 2d 671 (1972).

As in *Johnson v. Johnson*, 23 N.C. App. 449, 209 S.E. 2d 420, *cert. denied* 286 N.C. 335, 211 S.E. 2d 212 (1974), plaintiff's contentions were submitted to the jury on stipulated issues. The jury could have found that the defendant was not negligent or that the plaintiff was not injured by the defendant's negligence. There was evidence present which could have led the jury to disbelieve the plaintiff's primary proponent, Dr. Bittinger. It is well within the province of the jury to so conclude. The trial judge did not abuse his dicretion in denying plaintiff's motion to set aside the verdict and grant a new trial.

No error.

Chief Judge BROCK and Judge PARKER concur.