ALARICK RIGGS AND ROSA E. RIGGS PETITIONERS v. J. HOWARD COBLE, SECRETARY OF REVENUE RESPONDENT

No. 7710SC749

(Filed 18 July 1978)

**Trusts § 19; Taxation § 28— sale of farm—no parol trust in lot received as consideration—income not reportable on installment basis**

No parol trust for the benefit of petitioners' son was created by an agreement by petitioners that, if a sale of their farm was consummated, their son would receive one of the three lots which the purchaser was to convey as partial consideration for the farm or the money derived from the sale of one of the lots if the purchaser sold the lots pursuant to the planned purchase contract, since the agreement merely expressed a vague, general intent by petitioners to make an unspecified gift in the future to their son; nor was a trust created when or after the lots were acquired from the purchaser of the farm where petitioners did not manifest any intent to create a trust for the benefit

of their son when or after the lots were acquired. Therefore, petitioners received all three of the lots as partial consideration for their farm, and when the three lots are so considered, petitioners received more than 30% of the selling price in the year of sale and are not permitted by G.S. 105-142(f)(2) to report the income from the sale of their farm on the installment basis.

APPEAL by petitioners from *Clark, Judge.* Judgment entered 21 June 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 2 June 1978.

The petitioners, Alarick Riggs and Rosa E. Riggs, initiated this action on 4 February 1976 seeking judicial review of a final determination of their North Carolina individual income tax liabilities for the taxable year 1970 by the Tax Review Board. The petitioners do not dispute the findings of fact of the Secretary of Revenue which were adopted by the Tax Review Board [hereinafter the "Board"]. Those findings are as follows:

(1) The applicants are legal residents of North Carolina and were legal residents of the State at all times material to this hearing, including the taxable year 1970.

(2) The applicant, Alarick Riggs, filed a timely North Carolina individual income tax return for the taxable year 1970, on which he reported the sale of a home and lot at a sales price of $10,386.68, a cost basis of $9,050.00, and a gain of $1,336.68.

(3) The applicant, Rosa E. Riggs, did not file a North Carolina individual income tax return for the taxable year 1970.

(4) Instead of the sale of a home and lot in the taxable year 1970, the applicants actually sold a farm at a gross sales price of $75,000.00, which farm also included the applicants' residence and another house on the farm property which had been built and occupied by one of the applicants' sons, which property is more fully described below.

(5) Alarick Riggs and wife, Rosa E. Riggs, the applicants herein, acquired the farm as tenants by the entirety in 1945, on which they thereafter had their residence.

(6) The applicants agreed to convey a lot within the farm area to a son in 1958 and acting in reliance on their promise,

the son built a house on the lot, but the lot was never conveyed to him.

(7) In 1970, prior to the sale of the farm, and recognizing that the son had increased the value of the land by building a house on it, the applicants and their son agreed that "if the sale of the farm tract was consummated, that our son would get one of the three lots" which were to form part of the consideration to be paid by the purchaser for the farm, or in the alternative he would get the money derived on the sale of one of the lots "when and if the potential purchaser (of the farm tract) sold the said lot" under an agreement with the applicants.

(8) The sale of the entire farm for $75,000.00 was consummated in August 1970 when the buyer paid the applicants $10,000.00 cash, gave them a note for $50,000.00 secured by a deed of trust on the farm, and conveyed three lots in a subdivision to them, each lot having a value of $5,000.00.

(9) In 1971, another lot was substituted for one of the aforesaid three lots, the new lot was sold for $5,000.00 and the applicants assigned the purchase money note and deed of trust for $5,000.00 which they received for the lot, to their son.

(10) After examining Alarick Riggs' 1970 North Carolina individual income tax return, Notices of Tax Assessment taxing each applicant on one-half of the gain realized in 1970 from the sale of the subject property were mailed to each applicant by the Individual Income Tax Division on April 11, 1974.

(11) One-half of said gain was determined to be $25,394.25.

(12) On April 11, 1974, Alarick Riggs was assessed $2,024.46, representing tax and interest upon said gain.

(13) On April 11, 1974, Rosa E. Riggs was assessed $1,781.17, representing tax and interest upon said gain.

The petitioners at all times contended that the foregoing facts, as a matter of law, require the recognition of a trust in one lot for the benefit of their son. Upon a hearing before the

Secretary of Revenue [hereinafter the "Secretary"] pursuant to G.S. 105-241.1, the Secretary concluded "that the Riggses did not create a trust." Upon appeal to the Tax Review Board, the Board held "that the petitioners have not established a trust with respect to the property in question." The petitioners then sought and obtained judicial review of the Board's decision. The trial court found that the record supported the findings, conclusions and holding of the Board and entered judgment affirming its decision. From this judgment the petitioners appealed.

*Willis A. Talton for petitioner appellants.*

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for respondent appellee.*

MITCHELL, Judge.

The petitioners contend that the trial court erred in affirming the Tax Review Board and, thereby, the Secretary of Revenue. They argue that the agreement between them and their son, as set forth in the uncontested findings of fact of the Secretary adopted by the Board, required the recognition as a matter of law of a trust in one lot for the benefit of their son. The petitioners further contend that the establishment of this trust in favor of the son entitled them to reduce the sum they received for their farm by the value of the lot held in trust for the son, and entitled them thereby to pay income tax for 1970 only upon the amount actually paid them as an installment on the total purchase price. They contend this result is required by G.S. 105-142(f)(2), which provides:

> "Income from a sale or other disposition of real property . . . for a price exceeding one thousand dollars ($1,000), may be returned on the basis and in the manner prescribed in subdivision (1) [installment payments], provided, however, that such income may be so returned only if in the taxable year of the sale or other disposition there are no payments or the payments (exclusive of evidence of indebtedness of the purchaser which are not readily marketable) do not exceed thirty percent (30%) of the selling price. . . ."

Based upon the admitted facts, it is clear that the petitioners sold their farm for $75,000 in 1970 and received a note for

$50,000, $10,000 in currency, and either two or three lots of a value of $5,000 apiece. If their agreement with their son created a trust for his benefit in one of the lots, they must be viewed as having received, for purposes of establishing their tax liabilities, $10,000 in currency and two lots worth $10,000. As the total value received by them in that year would amount to less than 30% of the selling price, the statute would permit them to report the income from the sale of their farm on the installment basis and result in a reduction of their tax liability. If, on the other hand, their agreement with their son is not viewed as creating a trust for his benefit, the petitioners received $10,000 in currency and three lots worth $15,000 or 33⅓% of the selling price during the year in question, and the statute is inapplicable. The Secretary adopted the latter view and found the petitioners were not eligible to report the income from the sale of their farm on the installment basis.

We agree with the conclusion of the Secretary, affirmed by the Board and the trial court, that the agreement between the petitioners and their son did not create a trust for the benefit of the son. In support of their contention that a trust was created, the petitioners rely upon the language of their agreement with their son as set forth in an affidavit which was, in substance, incorporated in the Secretary's findings. The petitioners' affidavit, as set forth in the record on appeal, indicates that they entered an agreement with their son that: "[I]f the sale of the farm tract was consummated that our son would get one of the three lots, or the sale price of same when and if the potential purchaser (of the farm tract) sold the said lot under the planned agreement. . . ." This language, relied upon by the petitioners, in itself points out the uncertainties involved as to whether there would ever be a sale and, if there was a sale, precisely what property was to constitute the res of the alleged trust. The agreement as set forth in the petitioners' affidavit merely expressed a vague general intent to make an unspecified gift in the future to their son. Such an intent does not require or support the creation of a trust.

The burden was upon the petitioners to prove the creation and existence of a parol trust on behalf of their son by clear, strong, and convincing proof and not by a mere preponderance of the evidence. 13 Strong, N.C. Index 3d, Trusts, § 17, p. 76. The weight to be given their evidence was a question for the

Secretary as the finder of fact. *See Martin v. Underhill*, 265 N.C. 669, 144 S.E. 2d 872 (1965). The Secretary's conclusions were legitimately drawn from his findings which were supported by the evidence and are not contested. His findings of fact and conclusions were adopted by the Board and affirmed by the trial court. It is a fundamental principle of law that tax assessments are presumed correct. *In re Appeal of Amp, Inc.*, 287 N.C. 547, 215 S.E. 2d 752 (1975). Based upon the evidence and findings in this case, we find the Secretary, the Board and the trial court did not err in concluding that the petitioners had failed to carry their burden of overcoming the presumption.

Further, as pointed out in the decision of the Secretary, the evidence and findings of fact do not indicate that the petitioners manifested any intent to create a trust for the benefit of their son when or after the lots were acquired in August of 1970. The fact that a person declares a trust in property which may be acquired in the future does not automatically create a trust in the property when it is later acquired. However, where one declares a trust in property to be later acquired, and upon or after acquiring the property confirms his prior manifested intent to create the trust or repeatedly manifests such an intent, a trust is then created in the property. Annot., 3 A.L.R. 3d 1430 (1965).

The record does not indicate that the petitioners manifested an intent to create a trust upon or after acquiring the property in question or repeatedly manifested such an intent. The Secretary properly concluded, therefore, that a parol trust had not been established and that the petitioners were not entitled to report income from the sale of their farm on an installment basis pursuant to G.S. 105-142(f)(2). Therefore, the Board correctly affirmed the Secretary's decision.

The judgment of the trial court affirming the decision of the Board was without error and is

Affirmed.

Judges PARKER and HEDRICK concur.